**UNITED STATES of America**

v.

**Robert L. BROCK, Appellant.**

**No. 73-2105.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 18, 1974.

Richard B. Wolf, Washington, D.C. (appointed by this Court), Ted B. Babich * and Ed Beckwith,* were on the brief for appellant.

Earl J. Silbert, U.S. Atty., John A. Terry, Brian W. Shaughnessy and Justin D. Simon, Asst. U.S. Attys., were on the brief for appellee.

Before LEVENTHAL and ROBB, Circuit Judges, and NICHOLS,** Judge, United States Court of Claims.

PER CURIAM:

The appellant Brock entered a plea of guilty to two counts of an indictment alleging possession of heroin and marijuana, with intent to distribute, in violation of the Controlled Substances Act of 1970, 21 U.S.C. § 841(a).

On the basis of a presentence report the District Court ordered Brock committed for evaluation and study under 18 U.S.C. § 4208(b). On November 10, 1972 the court, pursuant to 18 U.S.C. § 4208(a)(2), sentenced Brock to imprisonment for "not more than five (5) years pursuant to the provisions of 18 U.S.C. § 4208 [a] (2), in which event defendant may become eligible for parole at such time as the Board of Parole may determine."

The Controlled Substances Act, under which Brock was charged and entered his plea of guilty, provides:

> Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior [narcotics] conviction, impose a special parole term of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 6 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(A).

In the case of Brock this statute required the District Court to impose a special parole term of at least three years in addition to the term of imprisonment.

On April 4, 1973, some five months after he was sentenced, Brock moved to vacate and correct the sentence upon the ground that it was "illegal." He contended the sentence should be corrected to include the special parole term and that the corrected sentence should not exceed the original sentence of not more than five years. The District Court denied the motion, holding that Brock had been sentenced under 18 U.S.C. § 4208(a)(2) and not under 21 U.S.C. § 841(b)(1)(A). On this appeal Brock renews the contention he made before the District Court. The government says that since the original sentence was illegal the court may correct it by now adding the additional special parole term of three years.

Brock contends "that his corrected sentence must be for a total of two years imprisonment and three years special parole so as not to exceed the original 'no more than' 5 years sentence. Thus, it is appellant's position that a

---

* Entered appearances as student counsel pursuant to Rule 20 of the General Rules of this Court.

** Sitting by designation pursuant to 28 U. S.C. § 293(a).

corrected sentence of, for example, five years *plus* three years special parole would be an impermissibly more severe sentence and thereby unlawful." [Emphasis in original.]

The argument advanced ·by the appellants has been considered and rejected by three circuit courts of appeals. Garcia v. United States, 492 F.2d 395 (10th Cir. 1974); Caille v. United States, 487 F.2d 614 (5th Cir. 1973); United States v. Thomas, 356 F.Supp. 173 (E.D.N.Y. 1972), aff'd, 474 F.2d 1336 (2d Cir. 1973). These decisions are based on Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1946), and we think they are sound. In our own circuit the rejection of Brock's argument is supported by Hayes v. United States, 102 U.S.App.D.C. 1, 249 F.2d 516 (1957), and King v. United States, 69 App.D.C. 10, 98 F.2d 291 (1938).

We remand the case to the District Court with directions to correct the sentence by imposing a special parole term of at least three years. The district judge may reconsider the original sentence of five years of imprisonment in light of the three years of parole.

It is so ordered.