Kirt L. CHRISTOPHER, Appellant,

v.

UNITED STATES, Appellee.

No. 79–419.

District of Columbia Court of Appeals.

Argued May 8, 1980.

Decided June 3, 1980.

Gary S. Mininsohn, Rockville, Md., appointed by this court, for appellant.

James F. Rutherford, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C.

Ruff, U. S. Atty. and John A. Terry, Asst. U. S. Atty., Washington, D. C., were on brief, for appellee.

Before GALLAGHER, MACK and FERREN, Associate Judges.

PER CURIAM:

Kirt L. Christopher appeals the trial court's *sua sponte* correction of an earlier, illegal sentence—after Christopher had begun to serve that sentence—by imposing a period of incarceration greater than the one originally ordered. We conclude that the trial court acted within its scope of discretion in sentencing. Accordingly, we affirm.

I.

After pleading guilty to grand larceny, D.C.Code 1973, § 22–2201, appellant was sentenced on June 9, 1978, to a prison term of one to three years. The trial court suspended execution of all but 10 months of the sentence. After serving the 10 months in Maryland (concurrently with an earlier Maryland sentence), appellant was to be placed on probation for two years. On August 4, 1978, following a motion by appellant pursuant to Super.Ct.Cr.R. 35, the trial court reduced his sentence to a term of one to three years imprisonment with all but six months suspended. The six month term was to be served in a work release program, with a concurrent three-year probationary term.

Appellant absconded from his halfway house, whereupon the trial court issued a bench warrant for his arrest. After arrest, he was brought before the trial court, which scheduled a resentencing hearing for March 28, 1979. At the hearing, the court stated that it would have to resentence appellant, not because he had escaped from the halfway house but because the original "split sentence" (*i. e.*, a term of imprisonment partially suspended in favor of probation) had been illegal in view of this court's subsequent ruling in *Davis v. United States*, D.C.App., 397 A.2d 951 (1979). The trial court resentenced Christopher to a term of one to three years' imprisonment, *nunc pro tunc* to August 4, 1978, with a recommendation of a federal facility and protective custody pending transfer. This appeal followed.

II.

■ We agree with appellant's contention that a "court . . . may amend a sentence so as to mitigate the punishment, but not so as to increase it." *United States v. Benz*, 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931); *accord, Ex parte Lange*, 85 U.S. (18 Wall.) 163, 175, 21 L.Ed. 872 (1894). The Fifth Amendment prohibition of double jeopardy underlies this principle. *See Benz, supra*, 282 U.S. at 307, 51 S.Ct. at 114. A prisoner would be twice in jeopardy for the same crime if he or she could begin serving a sentence and yet be haled into court for imposition of an increased term.

■ Courts have established an exception to this principle, however, for a situation in which the original sentence was illegal. Because an illegal sentence is a nullity, the sentencing court may correct it even though the prisoner has begun to serve that sentence. *See, e. g., Bozza v. United States*, 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–649, 91 L.Ed. 818 (1947); *Burns v. United States*, 552 F.2d 828, 831 (8th Cir. 1977); *James v. United States*, 348 F.2d 430, 432–33 (10th Cir. 1965).

Appellant agrees, but he contends that double jeopardy considerations preclude the court from imposing longer imprisonment under a new sentence than under the original, illegal sentence. Thus, appellant argues that in order to correct the illegal split sentence here, the court should have deleted the probation requirement and resentenced appellant to no more than six months' incarceration, the original term.

■ We reject this contention. In the first place, a six-month term of imprisonment would also constitute an illegal sentence. Under D.C.Code 1973, § 22–2201, a grand larceny conviction calls for "imprisonment for not less than one nor more than ten years." Thus, to satisfy the statute, the

sentencing judge would have to impose a minimum term of one year, suspending all but six months. But more to the point, the courts have made clear that when the original sentence was illegal, a longer term of imprisonment may be imposed upon resentencing. *See Burns, supra* at 831; *James, supra* at 432–33; *Hayes v. United States,* 102 U.S.App.D.C. 1, 2–3, 249 F.2d 516, 517–18 (1957), *cert. denied,* 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed.2d 586 (1958).

■ Accordingly, we cannot agree with appellant that the trial judge, in eliminating the probation portion of the sentence, was bound to impose no more than the original period of incarceration. The original sentence, rather, must be viewed as a whole. *See Davenport v. United States,* 122 U.S.App.D.C. 344, 346, 353 F.2d 882, 884 (1965). As the trial judge stated: "the sentence imposed upon Mr. Christopher originally, and after the reduction, was a sentence which, in its entirety, was indivisible. That being indivisible, no part of it can be excised, leaving standing a vestige which corresponds to no rational sentence, and which itself would be illegal." Because the trial judge could not use a probation term in conjunction with a partially suspended sentence, he had to determine once again what term of incarceration would suffice to meet his sentencing goals. *See United States v. Davis,* 183 U.S.App.D.C. 121, 561 F.2d 1014, *cert. denied,* 434 U.S. 929, 98 S.Ct. 416, 54 L.Ed.2d 290 (1977); *United States v. Brock,* 165 U.S.App.D.C. 291, 507 F.2d 1114 (1974). That determination was within his sentencing discretion. We may not disturb it.

*Affirmed.*