**Charles E. LORIMER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–1170.**

District of Columbia Court of Appeals.

Argued Nov. 19, 1980.

Decided Jan. 13, 1981.

---

Carole Cloud, L.S. #2746, and Charles Abernathy, appointed by the court, with whom Michael E. Geltner, Washington, D. C., Supervising Attorney, and Michael Palmer, L.S. # 2416, were on the briefs, for appellant.

Elliot R. Warren, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell and John R. Fisher, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.

PER CURIAM:

Appellant pleaded guilty to and was convicted of one count of first-degree burglary, D.C.Code 1973, § 22–1801(a), and one count of second-degree burglary, D.C.Code 1973, § 22–1801(b).[1] Although he did not move to withdraw his guilty plea, appellant now challenges his convictions on the ground the plea was not voluntarily made. We dismiss appellant's appeal because, in the absence of a motion to withdraw a guilty plea, the issue of voluntariness is not properly before this court.

Following an extensive colloquy with the trial judge, appellant, represented by counsel, entered a plea of guilty to the charges on June 8, 1979. At a sentencing hearing held two weeks later, in response to the judge's inquiry, appellant reaffirmed his decision to plead guilty and a Youth Act study was ordered pursuant to 18 U.S.C. § 5010(e) (1976). On October 29, 1979, appellant was sentenced under 18 U.S.C. § 5010(c) to concurrent terms of fifteen years imprisonment. The notice of appeal, filed on November 11, 1979, stated the issue to be the illegality of appellant's sentence.[2]

In his brief and at argument, appellant contended that the guilty plea was made involuntarily, while he was under the influence of drugs, and that the trial court deprived him of due process by coercing his acceptance of the government's plea offer at that time despite his mental condition and expressions of dissatisfaction with his attorney. We do not reach the merits of

1. Appellant was originally charged in a fifteen-count indictment. In exchange for appellant's agreement to plead guilty to two counts, the remaining charges were dropped.

2. Notice of appeal was filed by appellant's court-appointed trial counsel. On December 31, 1979, this court appointed the Georgetown University Appellate Litigation Clinic to represent appellant.

these arguments[3] because the only issues that can be raised on this appeal are the exercise of jurisdiction by the trial court and the legality of the sentence imposed. *Bettis v. United States*, D.C.App., 325 A.2d 190, 194 (1974); *Coleman v. Burnett*, 155 U.S.App.D.C. 302, 309–10, 477 F.2d 1187, 1193–95 (1973); *see Peyton v. King*, 210 Va. 194, 169 S.E.2d 569 (1969) (direct appeal from conviction after guilty plea limited by statute).

■ The trial court is required to take precautions to insure that no plea of guilty is accepted unless made voluntarily after proper advice and with full understanding of the consequences. Super.Ct.Cr.R. 11(d). Although we have held that "... as a practical matter virtually every possible avenue of appeal is waived by a guilty plea," *Bettis v. United States, supra* at 194, a defendant who is sentenced after pleading guilty may later attack the voluntary and intelligent character of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 1607–1608, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–1449, 25 L.Ed.2d 763 (1970); *Kercheval v. United States*, 274 U.S. 220, 223–24, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). Such post-conviction relief must, however, be pursued only by the appropriate procedures. *United States v. Benson*, 579 F.2d 508, 511 (9th Cir. 1978).

■ The first of two ways appellant could have collaterally attacked his guilty plea is by a motion to withdraw the plea pursuant to Super.Ct.Cr.R. 32(e).[4] A motion under Rule 32(e) is addressed to the

sound discretion of the trial court and its decision will be disturbed on appeal only upon a showing of abuse of discretion. *Byrd v. United States*, D.C.App., 377 A.2d 400 (1977); *Taylor v. United States*, D.C. App., 366 A.2d 444 (1976); *Shepard v. United States*, D.C.App., 363 A.2d 291 (1976); *Bettis v. United States, supra* at 195.

■ In this case, appellant is in reality asking the court to permit withdrawal of the plea. Such a request must first be brought in the trial court. In many cases a hearing will be required to determine whether to permit withdrawal, *see Gibson v. United States*, D.C.App., 388 A.2d 1214 (1978). Therefore, were we to entertain de facto motions for withdrawal made for the first time on appeal, it is very likely we would not have before us a record adequate for review. In addition, requiring resort to the trial court in the first instance avoids unnecessary appeals in those cases where the motion is granted.

Appellant's second alternative is a motion is vacate the sentence under D.C.Code 1973, § 23–110. *See, e. g., Bailey v. United States*, D.C.App., 385 A.2d 32, *cert. denied*, 439 U.S. 871, 99 S.Ct. 203, 58 L.Ed.2d 183 (1978). The statute is substantially identical to 28 U.S.C. § 2255 and interpretations of that federal provision on post-conviction remedies provide us with guidance in construing our own statute. *Pettaway v. United States*, D.C.App., 390 A.2d 981 (1978); *Gibson v. United States, supra.* Therefore, we note that in *United States v. Watson*, 179 U.S.App.D.C. 103, 548 F.2d 1058 (1977), the District of Columbia Circuit held that

---

3. If we were to rule on appellant's claims, on the basis of the record before us we would find them to be frivolous. The trial judge made extensive inquiry into appellant's decision to plead guilty, was apprised of the fact appellant was on medication and dissatisfied with his attorney, and assured himself the plea was a voluntary and intelligent choice by appellant. *See Durante v. United States*, D.C.App., 309 A.2d 321 (1973) (no abuse of discretion in denying request for withdrawal of plea where defendant alleged lack of effective assistance by counsel and disturbed mental state due to

methadone withdrawal and trial judge made inquiry into allegations).

4. The rule provides:
 A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

requests for collateral relief from guilty pleas brought under 28 U.S.C. § 2255 should be treated as Rule 32(d)[5] motions to withdraw, governed by the "manifest injustice" standard.

It will be noted from the foregoing language of the Rule that there is no limitation upon the time within which relief thereunder may, after sentencing, be sought. In this respect it embodies the central feature of collateral attack under 2255. Indeed, it would appear to us that Rule 32(d) can in substance be regarded as a special, and perhaps exclusive, avenue of collateral challenge to an allegedly improper taking of a guilty plea. It contains its own explicit formulation of the standard to be applied, namely, "to correct manifest injustice." And, although it remains for the court to determine the reach of that standard in relation to the facts of a particular case, the express terms of the standard itself have the force of a statute, and were presumably intended to govern in the case of any person seeking belatedly to withdraw his guilty plea.... [*Id.* at 108, 548 F.2d at 1063 (footnotes omitted).]

 We endorse the position taken by the circuit court in *Watson* that, except in extraordinary circumstances of which we cannot now conceive, the appropriate method for challenging the voluntary and intelligent character of a guilty plea is by a Rule 32(e) motion to withdraw. In any event, the challenge to the guilty plea in this case, made for the first time on direct appeal from the conviction, with no motion below

under either Rule 32(e) or D.C.Code 1973, § 23–110, is not properly before this court.[6] Therefore, this appeal is

*Dismissed.*

---

5. Fed.R.Crim.P. 32(d) is identical to Super.Ct. Cr.R. 32(e).

6. In Supplemental Memorandum, appellant points to *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968), as a case where a challenge to the voluntariness of a guilty plea was permitted on direct appeal. In *McCarthy* the trial court did not personally address the petitioner as required by Rule 11 and on appeal the petitioner asserted his innocence. *McCarthy* was expressly grounded on the Supreme Court's supervisory powers and we consider the exercise of appellate jurisdiction in that case to have been an exception to the general rule. The holding in *McCarthy* mandates neither reversal in this case nor the exercise of appellate jurisdiction. We point out that the *McCarthy* court intended its decision to "... also help reduce the great waste of judicial resources required to process frivolous attacks on guilty plea convictions." *Id.* at 472, 89 S.Ct. at 1174. We anticipate that, by refusing to exercise our jurisdiction to hear a challenge to a guilty plea absent a motion below, our disposition of this case will have the same salutary result.