**Steven V. ALLEN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–1120.**

District of Columbia Court of Appeals.

Argued Nov. 25, 1980.

Decided May 28, 1981.

Robert E. McMillen, Washington, D. C., appointed by this court, for appellant.

Harold Damelin, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell, and Bette E. Uhrmacher, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

1. On direct appeal, we affirmed appellant's conviction. *Allen v. United States*, D.C.App., 383 A.2d 363 (1978).

Before NEBEKER and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

Appellant challenges the trial court's correction of an earlier, illegal sentence on the ground that it is harsher than the original sentence and so cannot survive constitutional attack. Finding appellant's contention unpersuasive, we affirm.

After a jury trial, appellant was found guilty of assault with intent to kill while armed (D.C.Code 1973, § 22–501, –3202), armed robbery (D.C.Code 1973, § 22–2901, –3202), and possession of a prohibited weapon (D.C.Code 1973, § 22–3214(b)). On April 30, 1976, he received sentences of five to twenty years' imprisonment for the assault with intent to kill count and also for the armed robbery count, and a one-year term of imprisonment on the weapon charge. It was further ordered that the five to twenty years sentences run consecutively while the one-year term be served concurrently. The trial court then suspended two years of each five-year minimum and imposed a probationary period of three years.[1]

A dispute between appellant and the District of Columbia Department of Corrections arose over the actual computation of the sentence. Appellant interpreted the court's order to allow for a probationary release on January 12, 1982, after six years of incarceration, while Corrections officials argued that appellant would only be eligible for parole on that date. In light of this confusion, the trial court, *sua sponte*, set the matter for hearing on January 23, 1979. There, all parties agreed that the court would hold in abeyance any clarification of its sentencing order pending this court's resolution of *Davis v. United States*, D.C. App., 397 A.2d 951 (1979), which was then under consideration. Further, it was agreed that the *Davis* holding would be applicable to the facts of the instant case.

■ In that case, we held all split sentences[2] to be illegal because they are neither statutorily permitted[3] nor are they within the realm of inherent judicial power.[4] Thus, in view of that holding, appellant moved to correct his sentence and was resentenced to two consecutive prison terms of three to twenty years on the felony counts.[5]

Appellant now contends that the due process requirements which are incorporated in the Fifth Amendment preclude the trial court from imposing an arguably harsher sentence after the declaration that sentences such as his were illegal. Specifically, appellant argues that *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), provides the necessary constitutional interpretation for this court to remand the instant action. We disagree.

■ In *Pearce*, the Court addressed the issue of whether the Constitution limits the imposition of a harsher sentence after conviction upon retrial. *Id.* at 713, 89 S.Ct. at 2074. In concluding that the constitutional safeguards do not operate as an absolute bar to a harsher sentence, the Court held that "due process of the law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *Id.* at 725, 89 S.Ct. at 2080. Hence, in the absence of retaliatory motivation, the sentencing judge may impose a more severe sentence after a new trial as long as the reasons for doing so appear clear from the record.

■ Although the second sentence appellant received is somewhat harsher than the original one in that appellant is only eligible for release after six years (instead of release being mandatory), this is as close as the trial court could come to meeting her original sentencing objectives, given the fact that a split sentence cannot be imposed.[6] The court, moreover, fully explained her motivation on the record, stating:

> [The Court:] Now my intent [in imposing the original sentence] was that you would serve a minimum of six years and at the conclusion of those six years, you would be placed on three years probation, but you still had a maximum of 40 years.
>
> *     *     *     *     *     *
>
> So what I'm saying, in effect is this. You still are not expected to serve more than a minimum of six years if your conduct warrants it.
>
> Had I been able to place you on probation as the sentences originally had been fashioned, if you had not been successful, your probation would have been revoked and you would have gone right back. So because you left me on the date of sentencing with the view that you had to do at least a minimum of six years, I have decided to reduce the minimum that you had on each count from five years to three years.
>
> The only thing I can say is that I do hope that your conduct is such that you can indeed expect to be released in six years, and it is so ordered.

Accordingly, in the absence of anything of record showing an improper motive, we conclude that it appears clear the trial court was not acting vindictively.

Finally, we reject the government's contention that the recently decided case of *Christopher v. United States*, D.C.App., 415

---

2. A split sentence occurs when the trial court imposes on one count a term of incarceration, suspends only part of it, and places the defendant on probation following his release from incarceration in lieu of the suspended balance in prison.

3. D.C.Code 1973, § 16–710. Suspension of imposition or execution of sentence.

4. *See Davis v. United States, supra.*

5. Since appellant had already served the one-year sentence, the court did not consider it as coming within the motion to correct sentence.

6. We cannot agree with appellant's construction of the first sentence as being one for six years minus good time, after which he would be placed on probation for three years. Rather, we accept the trial court's explanation that she intended that appellant serve a minimum of six years.

A.2d 803 (1980), is dispositive of the instant appeal. Although the appellants in the two cases sought similar remedies—a corrected sentence as well as the result called for by *Davis, supra,*—the objectives of the two trial judges were of a materially different nature. The corrected sentences reflect this disparity. In *Christopher, supra,* the trial judge imposed a new, clearly lengthier sentence to meet both the commands of *Davis* and the relevant "new fact" of appellant's escape from a halfway house where he had begun to serve the initial sentence. Such a new sentence was clearly permitted under *Pearce, supra.* Here, however, the trial judge sought only to clarify her original sentence to preserve its intent and yet satisfy the restrictions of *Davis.* In fact, in the instant case, the only difference in the two sentences is the provision in the first sentence for automatic parole and subsequent three year probation. *Davis,* of course, made such a sentencing provision a nullity.

We hold that the corrective sentence imposed here is not violative of appellant's due process rights.

*Affirmed.*