James E. KEITT, Appellant,

v.

UNITED STATES, Appellee.

No. 80–1127.

District of Columbia Court of Appeals.

Argued June 3, 1981.
Decided Sept. 9, 1982.

---

Marc S. Palay, Washington, D. C., appointed by this court, for appellant. Larry D. Sharp, Washington, D. C., entered an appearance as co-counsel.

Darryl W. Jackson, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty. at the time the brief was filed, and John A. Terry, Michael W. Farrell, John W. Polk, and Andrea L. Harnett, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, FERREN, Associate Judge, and GALLAGHER, Associated Judge, Retired.

GALLAGHER, Associate Judge, Retired:

On April 16, 1975, appellant was charged with armed robbery (D.C.Code 1981, §§ 22–2901, –3202), assault with a dangerous weapon (D.C.Code 1981, § 22–502), robbery (D.C.Code 1981, § 22–2901), and possession of a prohibited weapon (D.C.Code 1981, § 22–3214(b)). A hearing on appellant's motion to suppress statements and physical evidence was continued to the day set for trial. The case was continued numerous other times, and when appellant did not appear in court on January 9, 1976, a bench warrant was ordered. On November 3, 1976, appellant was imprisoned on the bench warrant and charged with violating the Bail Reform Act. He remained in prison from April 26, 1977, when he entered guilty pleas to one count of armed robbery [1] and the bail reform act violation, until June 1, 1977, when he was sentenced for these two offenses. On June 1, the court imposed the following sentence:

> Taking all the facts into consideration, and not withstanding the recommenda-

---

1. This plea was entered pursuant to a plea bargaining agreement in exchange for which the other charges were dropped.

tion on the part of the Probation Department, the Court will sentence Mr. Keitt on the armed robbery to not less than six nor more than twenty years. On the Bail Reform Act, not less than three months nor more than twelve months. They are to run concurrent.

The Court will suspend all but a hundred days, giving him credit for the time he has served and put him on five years' probation.

Since appellant had already served over one hundred days in jail at the time of sentencing, he was immediately released on probation.

On January 20, 1979, appellant was arrested and charged with first-degree burglary while armed (D.C.Code 1981, §§ 22–1801, –3202) and armed robbery (D.C.Code 1981, §§ 22–2901, –3202). Two days later a *Peters I*[2] hearing was held after which probable cause was found that appellant had violated the terms of his probation. On May 30, 1979, appellant entered a plea of guilty to one count of first-degree burglary while armed. Subsequently, he was sentenced to four to fifteen years' imprisonment for that offense. On July 25, 1979, after appellant had waived his right to a *Peters II*[3] hearing, the court revoked his probation and imposed the original sentence of from six to twenty years. This appeal followed.

Here, appellant contends that the sentences imposed June 1, 1977, were illegal split sentences,[4] and therefore, that on July 25, 1979, the trial court was without jurisdiction to revoke his probation and impose the original sentence of from six to twenty years. We disagree.[5]

■ After appellant was sentenced in June 1977, and before his probation was revoked in 1979, this court decided *Davis v. United States,* D.C.App., 397 A.2d 951 (1979). *Davis* held that a trial court may not impose a split sentence. The court reasoned that time in jail followed by release under supervision could only be accomplished within the parole system and not by way of probation. *Id.* at 957.[6] A split sentence would defeat the central purpose of probation which is to delay or avoid service of a prison term "so that the stigma might be withheld, and an opportunity for reform and repentance granted *before* actual imprisonment should stain the life of the convict." *Id.* at 958, *quoting United States v. Murray,* 275 U.S. 347, 357–58, 48 S.Ct. 146, 149, 72 L.Ed. 309 (1928) [emphasis added].

■ To avoid running afoul of the split sentence prohibition, the suspension of sentence and placing of the defendant on probation must occur at the same time, not after an interval of incarceration. Here, all but one hundred days of appellant's original sentence was suspended, and appellant was placed on five years' probation. Because appellant was also given credit for time served, the effect of the sentence was to place appellant immediately on probation without an interval of incarceration.[7]

The sentence announced in open court must be construed as a whole to determine the court's intention. *See Rich v. United States,* D.C.App., 357 A.2d 421, 423 (1976). Before pronouncing sentence, the trial court noted that this was appellant's first convic-

---

**2.** *United States v. Peters,* 103 D.W.L.R. 2216 (D.C.Sup.Ct., December 31, 1975); *see In re A.W.,* D.C.App., 353 A.2d 686 (1976).

**3.** *Id.*

**4.** A split sentence occurs where the court imposes on one count a term of imprisonment, suspends only part of it, and places the defendant on probation following his release from incarceration in lieu of the suspended balance in prison. *Allen v. United States,* D.C.App., 431 A.2d 27 (1981).

**5.** Because we conclude the sentences were legal, his remaining contentions are without merit and must fall.

**6.** This rule only applies where a defendant is convicted on a single count. If convicted on more than one count, the court may sentence a defendant to a short period of incarceration on one count and a longer probationary period on the other count. The result would be the equivalent of a split sentence.

**7.** The same is true of the sentence imposed for violation of the Bail Reform Act.

tion and that the court would adhere to the American Bar Association's recommendation that appellant be sentenced more leniently since he had entered a plea of guilty.[8] In light of these mitigating factors, a sentence effectively placing appellant directly on probation, rather than a split sentence, could have been reasonably intended. D.C.Code 1981, § 16–710 authorizes the trial court to impose a sentence and suspend its execution, while placing the defendant on probation. The sentences in question fall within the parameters of § 16–710 and do not violate the rule enunciated in *Davis.*

■ While we affirm with respect to the sentence imposed for armed robbery, we remand for resentencing on the bail reform act violation. The sentence on that count, from three to twelve months, was ordered to run concurrently with the six to twelve year sentence imposed for the armed robbery conviction. D.C.Code 1981, § 23–1327 expressly provides that any term of imprisonment imposed for failure to appear in court shall be consecutive to any other sentence of imprisonment. *See Davis v. United States, supra* at 954 n.2. Here, since the conviction stemmed from appellant's failure to appear for a scheduled court hearing, it was error to impose concurrent sentences.

Accordingly, it is concluded that the judgment on the armed robbery conviction must be affirmed, but the case is remanded for resentencing on the bail reform act violation.

*So ordered.*

---

8. The American Bar Association has modified this recommendation to take into account additional constitutions. Standards for Criminal Justice, 2d ed., vol. III, chapter 14.