Albert **CARMICHAEL**, a/k/a Arthur Carmichael, Appellant,

v.

**UNITED STATES, Appellee.**

Nos. 82–92, 83–932.

District of Columbia Court of Appeals.

Submitted April 5, 1984.

Decided Aug. 7, 1984.

Dennis M. Hart, Washington, D.C., appointed by this court, for appellant.

Joseph E. diGenova, U.S. Atty., Washington, D.C., with whom Michael W. Farrell, Randolph W. Teslik, Anita J. Stephens and Regina C. McGranery, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before BELSON, Associate Judge, REILLY, Chief Judge, Retired, and KERN,* Associate Judge, Retired.

REILLY, Chief Judge, Retired:

■ This is an appeal from an order denying a motion to withdraw a guilty plea.[1]

Appellant was charged in an indictment filed on May 28, 1980, with first degree murder while armed, D.C.Code §§ 22–2401, –3202 (1981), and carrying a pistol without a license, *id.* § 22–3204. After the indictment was returned, defense counsel represented that defendant was mentally incompetent to stand trial, despite a report of a court-appointed psychiatrist to the contrary.[2] The court then ordered another psychiatric examination, and this time the report found defendant to be suffering from a "delusional system that would seriously interfere with any rational understanding of his defense options." Accepting this report, the court adjudged him incompetent to stand trial, and committed him to St. Elizabeth's Hospital for further

---

* Judge Kern was an Associate Judge of the court at the time of submission. His status changed to Associate Judge, Retired, on May 25, 1984.

1. Appellant also noted an appeal from a conviction of manslaughter while armed entered after a plea of guilty to that offense. The appeal from the conviction was stayed pending the trial court's resolution of the motion to withdraw the guilty plea. His appeal from the denial of the motion was then consolidated with the former appeal.

   We have previously noted that the only issues that are appropriately raised in an appeal from a conviction entered after a guilty plea are the exercise of jurisdiction by the trial court and the

legality of the sentence imposed. *Lorimer v. United States,* 425 A.2d 1306, 1308 (D.C.1981) (per curiam); *Bettis v. United States,* 325 A.2d 190, 194 (D.C.1974). *See also Coleman v. Burnett,* 155 U.S.App.D.C. 302, 309–10, 477 F.2d 1187, 1193–95 (1973). Appellant has not raised either of those issues in this appeal. His arguments are addressed solely to the propriety of the trial court's denial of his motion to withdraw the plea of guilty. Accordingly, the appeal from his conviction is dismissed.

2. This report was the result of an examination ordered by the court shortly after appellant's arrest.

examination and treatment. A report from another doctor filed subsequently confirmed this diagnosis, but three months later, this same doctor reported that the subject's mental condition had improved enough so that he was fit to stand trial. Accordingly, a trial date was set.

In the interval, there was some bargaining between defense and prosecution counsel, which culminated in an offer by the government to drop the charge of first degree murder while armed if appellant pleaded guilty to manslaughter while armed. The government also agreed not to contest a plea of not guilty by reason of insanity to the weapon charge. Appellant elected to accept this bargain and so pleaded at a hearing conducted by the trial court on September 24, 1981. The pleas were accepted, and on January 12, 1982, appellant was sentenced to imprisonment for eleven to thirty-five years, the sentence to commence upon his release from the mental institution where he was undergoing treatment pursuant to D.C.Code § 24–301(a) (1981).

In March 1983, appellant filed a motion to withdraw his guilty plea pursuant to Super.Ct.Crim.R. 32(e). The motion was denied. Appellant argues that he was mentally incompetent and thus unable knowingly and intelligently to enter a guilty plea, and that the trial court therefore erred in denying his motion to withdraw it. We affirm.

■ The trial court's disposition of a motion to withdraw a guilty plea pursuant to Super.Ct.Crim.R. 32(e) will be disturbed on appeal only if there has been an abuse of discretion. *Lorimer v. United States*, 425 A.2d 1306, 1308 (D.C.1981) (citations omitted). To move successfully for post-sentence withdrawal, a defendant must demonstrate under Rule 32(e) that permitting the plea to stand would result in "manifest injustice." *Willis v. United States*, 468 A.2d 1320, 1322 (D.C.1983).

■ It is well established that before a plea of guilty can be accepted, the trial judge must determine whether it was given knowingly and voluntarily. *Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971); *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). If it appears that a defendant was coerced into pleading or did not knowingly plead, then "manifest injustice" warranting withdrawal of the plea will generally be found. *See, e.g., Byrd v. United States*, 377 A.2d 400 (D.C.1977). A defendant's mental competency is, of course, closely related to his ability knowingly to enter a plea. Thus, in *Willis v. United States, supra*, 468 A.2d at 1323, we held that when a defendant whose mental competence has previously been raised on the record seeks to plead guilty, the trial court must conduct a hearing to determine competency to enter a guilty plea. Such determination, we noted, is distinct from a finding on competence to stand trial. *Id.* The court in *Willis* also recognized that a separate hearing on competency to enter a plea is not required "(1) where the hearing prior to entry of the plea established competence based on psychiatric evaluation; and (2) where no new factual issues pertaining to mental competence were raised in the motion to withdraw." *Id. See Alfano v. United States*, 326 F.Supp. 792 (D.Conn.1971).

■ In this case, appellant's mental competence had been raised on the record. Before accepting the guilty plea at the hearing, the court questioned appellant extensively and considered a psychiatric evaluation of his condition. In addition, at a hearing in May 1981, the court relied on psychiatric evaluation in finding appellant competent to stand trial. That finding went uncontested by appellant, and he did not allege in his motion to withdraw the plea any new facts pertaining to competency. The requirements of *Willis* were therefore satisfied, and the trial court had an adequate basis for determining appellant's competence to enter the plea.

Appellant contends that the trial court's inquiry at the plea hearing did not satisfy

the requirements of Super.Ct.Crim.R. 11(c)(3).[3] A review of that proceeding, however, indicates that the court carefully inquired of appellant to determine whether he understood both the nature of the plea and his right to a trial. The court stated the possible penalties for manslaughter and explained to appellant the meaning of his right to a trial and an appeal. After stating his understanding that a plea of guilty could result in imprisonment for life, appellant assured the court that he was pleading voluntarily and was aware of what he was doing. Defense counsel stated in response to inquiry by the court that she knew of no reason why the plea should not be accepted. Consistent with the dictates of Rule 11, the inquiry was thorough and designed to ascertain whether appellant was knowingly and voluntarily pleading guilty.

As further support for his contention that the court committed error in denying his motion to withdraw the plea, appellant asserts that he obviously must have been lacking in mental judgment when he entered a guilty plea, because his prospects of acquittal were more than even. Thus, appellant argues that his possession of a substantial defense should have been deemed a compelling consideration in determining whether to grant the withdrawal motion. He points out that had he pleaded not guilty by reason of insanity, the psychiatric evidence he could have produced would probably have demonstrated that he was mentally incapable of premeditation or deliberate intent—a state of mind that the government must prove to obtain a conviction for first degree murder.

In making this argument, however, appellant overlooks the fact that he pleaded guilty not to first degree murder, but to manslaughter. Conviction for this offense does not require a showing of premeditation. Evidence of a killing done in the heat of passion suffices. Hence, we do not perceive that appellant acted against his own best interest in taking advantage of the proffered compromise.

In any event, the transcript of the Rule 11 hearing shows that the court was not unmindful of its duty to determine whether or not the accused was aware of the availability to him of an insanity defense. The court was assured that he was cognizant of this fact, but was waiving such defense. Before finally allowing the guilty plea to be entered, the court—as it pointed out in the memorandum denying the withdrawal motion—was satisfied that not only did appel-

---

**3.** The relevant part of the rule provides:

(c) *Advice to defendant.* Before accepting a plea of guilty or nolo contendere, the Court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by the law, if any, and the maximum possible penalty provided by law; and

(2) If the defendant is not represented by an attorney, that he has the right to be represented by any attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) That if his plea of guilty or nolo contendere is accepted by the Court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

(5) If the Court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which he has pleaded, that his answers may later be used against him in a prosecution for perjury or false statement.

(d) *Insuring that the plea is voluntary.* The Court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The Court shall also inquire to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecutor and the defendant or his attorney.

lant knowingly reject the insanity defense, but was competent to do so.

Moreover, agreements negotiated by the prosecutor and the attorney for the defendant and agreed to by the accused are to be accepted by a trial court in the absence of clear cause to nullify the plea. *Hockaday v. United States*, 359 A.2d 146, 148 (D.C.1976) (citations omitted). Hence, the trial court's order was plainly within the scope of its discretion.

Accordingly, the judgment on appeal is

*Affirmed.*