James K. BYRD, Appellant,

v.

UNITED STATES, Appellee.

No. 84–228.

District of Columbia Court of Appeals.
Submitted Nov. 20, 1984.
Decided Feb. 8, 1985.

---

Richard Seligman, Washington, D.C., appointed by this court, was on brief for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Thomas J. Tourish, Jr., and Wendy Bebie, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before TERRY and ROGERS, Associate Judges, and GALLAGHER, Associate Judge, Retired.

TERRY, Associate Judge:

■ Appellant entered a plea of guilty to one count of first-degree theft[1] and one count of unauthorized use of a vehicle (UUV).[2] He was subsequently sentenced to "not less than six years" on each count under the Federal Youth Corrections Act, 18 U.S.C. § 5010(c).[3] A week later, however, at a hearing convened by the court *sua sponte*, the court informed the parties that the sentences it had imposed were illegal.[4] Over appellant's objection, the court vacated the original sentences and imposed a new sentence of not more than eight years on the first count (first-degree theft) under 18 U.S.C. § 5010(c), and an indeterminate sentence on the second count (UUV) under 18 U.S.C. § 5010(b). On appeal appellant argues that because the new eight-year sentence on the theft count is harsher than the original six-year sentence, his due process rights have been violated.[5] We hold that because the original sentence was void *ab initio* on its face, there was no due process violation in the resentencing.

"It has long been established that a sentence is a nullity if it is illegal for being at variance with the controlling sentencing statute, and it may be corrected at any time under [Super.Ct.Crim.R. 35] even if [the correction] increases the punishment." *Prince v. United States*, 432 A.2d 720, 721–722 (D.C.1981), citing *Bozza v. United States*, 330 U.S. 160, 166–167, 67 S.Ct. 645, 648–649, 91 L.Ed. 818 (1947), and *Christopher v. United States*, 415 A.2d 803 (D.C. 1980). Appellant does not dispute this prin-

1. D.C.Code § 22–3812(a) (1984 Supp.).

2. D.C.Code § 22–3815(b) (1984 Supp.).

3. Eight other counts in the indictment, charging appellant with various offenses, were dismissed at the time of sentencing.

4. The court did not fully articulate its reasons for concluding that the two sentences were illegal. At one point the court suggested that the UUV sentence was invalid because UUV was only a misdemeanor; the prosecutor, however, reminded the court that UUV was not a misde-

meanor but a felony punishable by a maximum of five years' imprisonment. *See* D.C.Code § 22–3815(d)(1) (1984 Supp.).

In any event, there is no question that both of the original sentences were invalid because the court failed to set a maximum term of confinement, as required by 18 U.S.C. § 5010(c). In addition, the six-year sentence on the UUV count exceeded the five-year penalty authorized by the UUV statute, and hence it also exceeded the maximum allowed under section 5010(c).

5. Appellant does not challenge the new sentence on the UUV count.

ciple but contends that, without objective information in the record justifying the increased sentence, his right to due process was violated. He relies mainly on the Supreme Court decision in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), but his reliance is misplaced; *Pearce* has no application to this case.

In *Pearce* the Court held that a judge could not impose a more severe sentence on a defendant after a reversal of his conviction on appeal and a retrial if the purpose of the sentence was to penalize the defendant for exercising his right to appeal. The imposition of a heavier sentence under such circumstances would, the Court held, violate the Due Process Clause. To guard against such a practice, the Court laid down a prophylactic rule:

> [W]henever a judge imposes a more severe sentence upon a defendant *after a new trial*, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Id.* at 726, 89 S.Ct. at 2081 (emphasis added).

Three years later, however, in *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), the Court refused to apply the prophylactic rule in circumstances slightly different from those in *Pearce*. In *Colten* the defendant was arrested and charged with disorderly conduct. After a trial in a lower court of limited jurisdiction, he was convicted and fined $10. When he exercised his right to a trial *de novo* in a court of general jurisdiction, he was convicted again and fined $50. The defendant claimed that the increased fine violated his rights under *Pearce*, but the Supreme

Court gave his argument short shrift. There was nothing, the Court said, to suggest that "the hazard of being penalized for seeking a new trial, which underlay the holding of *Pearce*, also inhere[d] in the *de novo* trial arrangement." *Id.* at 116, 92 S.Ct. at 1960. Nor was there any reason to believe that "defendants convicted in Kentucky's inferior courts would be deterred from seeking a second trial out of fear of judicial vindictiveness." *Id.* Thus the Court held that the prophylactic rule adopted in *Pearce* was inapplicable and, absent evidence of judicial vindictiveness, that the increased sentence after the second trial did not violate the defendant's due process rights.

In *Chaffin v. Stynchombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), the Court further restricted the scope of the *Pearce* rule. The defendant in *Chaffin* was convicted of robbery in a Georgia criminal court and sentenced by a jury to fifteen years in prison.[6] After a successful appeal he was retried in the same court, convicted, and sentenced by a second jury to life imprisonment. Relying on *Pearce*, he appealed, claiming that the increased sentence violated his due process rights. The Supreme Court disagreed, holding that *Pearce* did not apply in cases in which the second sentence was imposed by a jury. The Court observed that a jury, unlike a judge who has been reversed, has no personal stake in the prior conviction and no motivation to engage in self-vindication, nor would a jury be sensitive to the institutional interests that might occasion heavier sentences by a judge eager to discourage what he regards as meritless appeals. *Id.* at 26–27, 93 S.Ct. at 1982–1983.

With respect to the instant case, there is little or no likelihood that a judge who imposes a sentence on a defendant and subsequently concludes—on his own—that

---

**6.** The jury was authorized by statute to recommend a sentence within a certain range. *See* 412 U.S. at 18 n. 1, 93 S.Ct. at 1978 n. 1.

the sentence is illegal will act vindictively and penalize the defendant by imposing a harsher sentence. In such circumstances the judge would have no motivation to punish the defendant; rather, he would simply be correcting his own error. Thus the rationale of *Pearce* has no connection with the facts of this case, and *Pearce* does not invalidate appellant's sentence.

Our holding in *Christopher v. United States, supra,* guides our decision here. In *Christopher* the trial court originally imposed a split sentence of a short term of imprisonment, followed by probation. After split sentences were declared illegal in *Davis v. United States,* 397 A.2d 951 (D.C. 1979), the court *sua sponte* resentenced the defendant to a new prison term which was longer than the time he would have had to serve under the original sentence. In affirming the trial court's action, we reiterated the long-established rule that "when the original sentence [is] illegal, a longer term of imprisonment may be imposed upon resentencing." *Christopher, supra,* 415 A.2d at 805 (citations omitted). We then went on to say:

> Because the trial judge could not [reimpose the original sentence], he had to determine once again what term of incarceration would suffice to meet his sentencing goals. [Citations omitted.] That determination was within his sentencing discretion. We may not disturb it.

*Id.* For the same reasons, we may not disturb the new sentence in this case either.[7]

*Affirmed.*

7. *Allen v. United States,* 431 A.2d 27 (D.C.1981), is a peculiar case that must be limited to its facts. In *Allen* the trial court originally imposed a split sentence. After the defendant's conviction was affirmed on direct appeal, the defendant and the Department of Corrections became embroiled in a dispute over the computation of the time he must serve. While the dispute was going on, this court held in *Davis, supra,* that split sentences were beyond the power of the trial court to impose. The trial court in *Allen,* relying on *Davis,* set aside its original sentence and imposed an arguably harsher one. Because these particular facts raised a possibility of retaliatory motivation by the trial judge for the defendant's successful exercise of his rights, we reviewed the new sentence under the *Pearce* standard (and concluded that the *Pearce* rule was not violated). In the case at bar, unlike *Allen,* there is nothing to suggest that the trial judge had any improper motivation when he set aside appellant's original sentence and imposed a new one. Thus we conclude that we are bound to follow *Christopher,* not *Allen.*