**Marilyn PRINCE, a/k/a Marilyn McCray, a/k/a Marilyn Reeves, a/k/a Marilyn Jean Reeves, a/k/a Marilyn Robinson, a/k/a Betty J. Logan, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 80–589.**

District of Columbia Court of Appeals.

Submitted Jan. 6, 1981.

Decided June 4, 1981.*

___

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.

Silas J. Wasserstrom and Richard S. Greenlee, Public Defender Service, Washington, D.C., were on the brief for appellant.

Charles F. C. Ruff, U.S. Atty., John A. Terry, Michael W. Farrell, and Keith A. O'Donnell, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

** Judge Gallagher was an Associate Judge of the court at the time of submission. His status changed to Associate Judge, Retired, on February 27, 1981.

Before KELLY and KERN, Associate Judges, and GALLAGHER, Associate Judge, Retired.**

PER CURIAM:

Appellant entered guilty pleas to charges of grand larceny[1] and a Bail Reform Act violation.[2] Pursuant to recommendation, the trial judge subsequently decided to sentence her under the Narcotics Addict Rehabilitation Act (NARA). The commitment order specified that the duration of confinement on grand larceny was for not less that two nor more than six years; and the commitment for failure to appear was for one year, to be served consecutively.

The government filed a motion under Super.Ct.Cr.R. 35 to correct the sentence on the ground that a maximum commitment of less than ten years was contrary to the NARA statutory mandate (18 U.S.C. § 4253 (1976)). Thereupon, the trial judge ordered the original sentence corrected and appellant was resentenced to a term not to exceed six years for grand larceny and a consecutive term of one year for failure to appear, the latter to be suspended and replaced by two years' probation after release from the confinement under NARA.

The government then filed another motion to correct the sentence in which it again sought imposition of the ten-year statutory maximum under the NARA provisions. In response, the trial judge modified her sentence and imposed an indeterminate commitment not to exceed ten years pursuant to NARA (18 U.S.C. § 4253). Appellant contends the trial court erred in increasing the NARA commitment from six to ten years as this violated the Fifth Amendment prohibition against double jeopardy.

It has long been established that a sentence is a nullity if it is illegal for being at variance with the controlling sentencing statute, and it may be corrected at any time under Rule 35, *supra*, even if it increases

1. D.C.Code 1973, § 22–2201.

2. *Id.*, § 23–1327(a).

the punishment. *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947); *Christopher v. United States,* D.C.App., 415 A.2d 803 (1980). It is provided under NARA that upon a determination of eligibility, the court "shall commit [an offender] to the custody of the Attorney General for treatment under this chapter," and that "[s]uch commitment shall be for an indeterminate period of time not to exceed ten · years, but in no event shall it exceed the maximum sentence that could otherwise have been imposed." 18 U.S.C. § 4253(a).

In sentencing under NARA, the trial judges have no discretion to fix a maximum sentence. *United States v. Curtis,* 173 U.S.App.D.C. 185, 523 F.2d 1134 (1975). It is the statute and not the court which provides the maximum sentence. Here, grand larceny carries a ten-year maximum sentence. Congress clearly provided for a flexible program which allows the administrative officials and not the court to decide the length of commitment.

The maximum 10-year sentence provided in section 4253 of the new chapter which would be added to title 18 allows correctional and medical authorities a desirable flexibility in treating individual addicts. It also should be recognized that it provides a lengthy period of sentence for those recalcitrant offenders who do not respond to treatment. [H.R.Rep. No. 1486, 89th Cong., 2d Sess. [1966] U.S.Code Cong. & Ad.News 4245, 4252.]

We conclude there was no error in amending the previous illegal sentence. Accordingly, the judgment of the trial court is

*Affirmed.*