**William Coakley NEVERDON, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 82–712.

District of Columbia Court of Appeals.

Argued Oct. 25, 1983.

Decided Dec. 6, 1983.

Stephen G. Milliken, Washington, D.C., appointed by the court, for appellant. John

D. Seiver, Washington, D.C. also entered an appearance for appellant.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the briefs were filed, and Charles L. Reischel, Deputy Corporation Counsel, Washington, D.C., were on the brief, for appellee.

Before KERN, MACK and PRYOR, Associate Judges.

MACK, Associate Judge:

This is an appeal from an order denying a motion under Rule 35, Criminal Rules of the Superior Court, for correction of an allegedly illegal sentence.

Appellant was indicted on March 29, 1979 for Failure to Register a Firearm, D.C.Code § 6–1812 (1978 Supp. V), and Possession of Unregistered Ammunition, D.C.Code § 6–1861 (1978 Supp. V). On August 23, 1979 the trial court found appellant guilty of both counts. The court suspended the execution of sentence and placed appellant on probation under the Federal Youth Corrections Act (FYCA) pursuant to 18 U.S.C. § 5010(a) (1976).* On December 8, 1981, appellant moved the trial court, under Super.Ct.Crim.R. 35(a), to correct his allegedly illegal sentence. As grounds for that motion, appellant argued as he does now on appeal, that the trial court had no authority to sentence him under the FYCA (which is applicable to "laws of the United States") because he was convicted of a law of the District of Columbia Council and not a law of the United States. On January 12, 1982 appellant's motion was denied. A timely notice of appeal was not filed. On April 23, 1982 the trial court denied appellant's motion for an enlargement of time to file his notice of appeal. On April 26, 1982 appellant filed the identical Rule 35(a) motion. The trial court refused to consider appellant's second motion by order dated April 27, 1982. The trial court, quoting from

D.C.Code § 23–110(e) (1981), held that it was "not required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Because we find that the trial court acted within its discretion, we affirm its refusal to consider appellant's second motion.

I

■ An illegal sentence may be corrected at any time, whether the challenge to the sentence is by motion under Super.Ct. Crim.R. 35(a) or under D.C.Code § 23–110. The first sentence of Rule 35 provides that the court may correct an illegal sentence "at any time." It has been stated that the repetition of motions under the first sentence of Rule 35 are somewhat analogous to successive habeas corpus proceedings. *See United States v. Quon*, 241 F.2d 161, 163 (2 Cir.1957), *cert. denied*, 354 U.S. 913, 77 S.Ct. 1302, 1 L.Ed.2d 1431 (1957). When construing D.C.Code § 23–110 (1981), we have turned for guidance to federal court interpretations of 28 U.S.C. § 2255 (1976), which has language substantially identical. *See Pettaway v. United States*, 390 A.2d 981, 983 (D.C.App.1978).

■ Because the sentencing court may correct an illegal sentence under Rule 35 "at any time," we think it clear that the trial court would have power to entertain and grant appellant's second motion, notwithstanding its denial of the earlier motion to the same effect. However, as with relief under D.C.Code § 23–110 and its federal analogue, 28 U.S.C. § 2255, certain preclusion principles do apply to Rule 35 motions. A trial court may, in the exercise of discretion, refuse to entertain a second Rule 35 motion relying on objections previously advanced unsuccessfully. *See Quon, supra,* 241 F.2d at 163. Thus, although strict principles of res judicata do not apply to motions seeking relief from an illegal sentence, "[t]his does not mean that a prisoner may again and again call upon a court to repeat the same ruling . . . ." *United States ex rel.*

---

* Appellant could have been sentenced on each count, under D.C.Code § 6–1876 (1978 Supp. V), to pay a fine of not more than $300 or be imprisoned for not more than ten days or both.

*Gregoire v. Watkins,* 164 F.2d 137, 138 (2nd Cir.1947). A sentencing court should have discretionary power to "protect itself against a pertinacious relator." *Id.*

■ Moreover, D.C.Code § 23–110(e) (1981) provides: "The court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Appellant was provided a full opportunity to argue the merits of his position. The motion of April 26, 1982 which was denied on April 27, 1982, was in form and fact but a motion to reargue the previous motion and was made after the time had passed within which an appeal from the former motion could have been taken. Its denial was discretionary and the order could be reviewed only for an abuse of discretion. Since the record shows no new matter which was relied on to support the motion for reargument, the trial court acted well within its discretion in refusing to entertain it.

*Affirmed.*