James M. HEAD, Appellant,

v.

UNITED STATES, Appellee.

No. 84–113.

District of Columbia Court of Appeals.

Submitted Jan. 7, 1985.

Decided Jan. 11, 1985.[*]

Joseph J. Trepel, Silver Spring, appointed by the court, was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Steven D. Gordon, and Laurie J. McBride, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before NEBEKER, FERREN and ROGERS, Associate Judges.

FERREN, Associate Judge:

A jury convicted appellant of two counts of first-degree felony murder while armed, D.C.Code §§ 22–2401, –3202 (1981), two counts of first-degree premeditated murder while armed, *id.*, four counts of armed kidnapping, *id.* §§ 22–2101, –3202, and two counts of armed robbery, *id.* §§ 22–2901, –3202. This court affirmed all but the kidnapping convictions. *Head v. United States*, 451 A.2d 615 (D.C.1982). Appellant filed a motion under D.C.Code § 23–110 (1981), and, in appealing the denial of that motion,[1] raises for the first time the issue

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published by direction of the court.

1. After affirmance of his conviction, appellant filed with this court, not earlier than December 3, 1982, a *pro se* motion for new trial based on

newly discovered evidence. Chief Judge Newman referred this motion to the Superior Court on January 6, 1983. After considering the motion both under the newly-discovered evidence standard of Super.Ct.Crim.R. 33 and also (apparently because the time limit for new trial relief was long past) under § 23–110, which has

of trial court error in refusing to admit certain evidence for impeachment purposes. Because appellant failed to raise the issue on direct appeal and does not show cause for his failure to do so, we affirm the trial court's denial of the motion.

Appellant's conviction was based on an incident of December 4–5, 1977, in which he robbed a service station and shot and killed two of its employees.[2] Appellant later called upon one Morton, the employer of the two shooting victims and owner of the gas station, to repay a debt. Morton was a key witness at the trial. The gravamen of appellant's claim on this appeal is that the trial court erred in refusing to admit, for impeachment purposes, two police reports allegedly containing statements by Morton that were inconsistent with his trial testimony.[3] Nowhere in his post-conviction motions does appellant show cause for his failure to raise this issue on direct appeal.

 Section 23–110 is not designed to be a substitute for direct review. *Fields v. United States*, 466 A.2d 822, 827 (D.C. 1983) (citations omitted); *see United States v. Frady*, 456 U.S. 152, 164–65, 102 S.Ct. 1584, 1592–93, 71 L.Ed.2d 816 (1982) (under 28 U.S.C. § 2255 (1982), the federal analogue of § 23–110, collateral attack "may

not do service for an appeal"; to allow otherwise would "accor[d] no significance whatever to the existence of a final judgment perfected by appeal" (citations omitted)).[4] Relief under § 23–110 is appropriate only for serious defects in the trial which were not correctible on direct appeal or which appellant was prevented by exceptional circumstances from raising on direct appeal. *Atkinson v. United States*, 366 A.2d 450, 452 (D.C.1976) (citations omitted). Where a defendant has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack unless he shows both cause for his failure to do so and prejudice as a result of his failure. *Frady*, 456 U.S. at 167–68, 102 S.Ct. at 1594; *see Norris v. United States*, 687 F.2d 899 (7th Cir.1982) (applying *Frady* "cause and prejudice" standard to issue raised in § 2255 motion); *cf. Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (same standard held applicable to motions under 28 U.S.C. § 2254 (1982)). Because appellant has made no showing of cause for failure to present the subject of the present motion on direct appeal, his contention here is foreclosed.[5]

*Affirmed.*

---

no time limit, Judge Bacon concluded that relief was not appropriate under either standard and denied the motion. *See Johnson v. United States*, 385 A.2d 742, 743 (D.C.1978) (where trial court had no jurisdiction to grant new trial motion pending appeal of conviction, motion could be considered under § 23–110). Accordingly, we consider appellant's *pro se* response to Judge Bacon's ruling as the appeal of a denial of a § 23–110 motion.

2. The facts of this case are recited fully in *Head v. United States*, 451 A.2d 615 (D.C.1982).

3. Appellant claims error in the trial court's refusal to admit two reports prepared by the Prince George's County Police Department: Defense Exhibits Nos. 6 and 8. The trial judge—who also ruled on the § 23–110 motion—found at trial that Morton was not the source of either report and that, therefore, neither statement could be attributed to Morton nor admitted for purposes of impeaching him. There is some confusion in the record as to whether Exhibit No. 6 refers to the "Crimes Against Persons Report" prepared by Officer Hamer or the "Ap-

plication for Statement of Charges" prepared by Officer King. Given the basis for our ruling, we need not resolve this confusion.

4. 28 U.S.C. § 2255 is "nearly identical and functionally equivalent" to D.C.Code § 23–110, and we may rely on federal court interpretations of § 2255 in construing § 23–110. *Streater v. United States*, 429 A.2d 173, 174 (D.C.1980) (per curiam), *appeal dismissed and cert. denied*, 451 U.S. 902, 101 S.Ct. 1966, 68 L.Ed.2d 289 (1981) (citing *Butler v. United States*, 388 A.2d 883, 886 n. 5 (D.C.1978)); *accord Lorimer v. United States*, 425 A.2d 1306, 1308 (D.C.1981) (per curiam) (citations omitted); *Williams v. United States*, 408 A.2d 996, 997 n. 1 (D.C.1979); *Gibson v. United States*, 388 A.2d 1214, 1215 n. 3 (D.C. 1978) (per curiam).

5. Because appellant has failed to show cause, we need not decide whether he suffered prejudice or even if the trial court was in error. *See Frady*, 456 U.S. at 168, 102 S.Ct. at 1594 (no need to determine whether appellant had shown cause where there was no actual prejudice).