David H. JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

No. 84–1560.

District of Columbia Court of Appeals.
Submitted Oct. 28, 1985.
Decided Nov. 12, 1985.*

John A. Turner, Jr., Washington, D.C., was on the brief for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Thomas J. Tourish, Jr., Steven C. Tabackman, and John M. Facciola, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before PRYOR, Chief Judge, and NE-BEKER and STEADMAN, Associate Judges.

---

* The decision in this case was originally released as a Memorandum Opinion and Judgment. It is being published pursuant to this court's order granting the motion of counsel for publication.

NEBEKER, Associate Judge:

Appellant was charged by indictment with two counts of rape, D.C.Code § 22–2801 (1981), two counts of carnal knowledge, *id.*, and three counts of sodomy with a person under sixteen years old, *id.* § 22–3502. By agreement with the government, appellant pled guilty to one count of carnal knowledge and one count of sodomy with a person under sixteen years old after the government agreed to dismiss the remaining counts of the indictment. The trial judge sentenced appellant to concurrent sentences on both counts of the plea agreement. Appellant now contends that the trial judge committed error by permitting the government to address the charge of rape and quote secret grand jury testimony during sentencing allocution, and by sentencing the appellant for the crime of rape. Finding no merit in appellant's contentions, we affirm.

## I

During the plea proceedings, the trial court requested the government to proffer the evidence it would have presented had the case gone to trial.[1] The government's proffer included its contention that appellant forced the complainant to submit to the acts with which he was charged. This proffer conflicted with appellant's contention that the complainant was a prostitute who claimed she had been raped only after appellant refused to pay for her services. At the sentencing hearing, the trial judge noted that the parties disagreed on the question of appellant's use of force, and he requested the prosecutor to comment on this point. The prosecutor informed the court that the complainant's version of the facts—that appellant forced her to engage in various sexual acts—was corroborated by a witness. At that point, the prosecutor read portions of the grand jury testimony in which the witness described the com-

plainant's physical appearance and emotional state after the incident took place.

The trial judge subsequently sentenced the appellant to concurrent sentences of 8 to 40 years for carnal knowledge and 40 months to 10 years for sodomy with a person under sixteen years old. While imposing the sentences, the trial judge mistakenly stated that he was sentencing appellant for rape. The prosecutor quickly pointed out to the trial judge that the offense was carnal knowledge and not rape, and the trial judge immediately corrected himself and affirmed the sentence.[2]

## II

Appellant's first contention that the trial judge erred in permitting the government to address the charge of rape and quote secret grand jury testimony during sentencing allocution has no merit. A trial judge has great latitude in the sentencing process; the judge may consider any reliable evidence, regardless of whether such evidence was introduced at trial. *Williams v. United States,* 427 A.2d 901, 904 (D.C.1980) (citing *United States v. Lee,* 540 F.2d 1205, 1210 (4th Cir.), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976)). In addition, a trial judge may consider facts bearing on the defendant's character and the circumstances surrounding the crime of which he has been convicted. *Williams, supra,* 427 A.2d at 904. It is clearly within the trial court's discretion to request the government to proffer its evidence concerning crimes with which the defendant has been charged in determining whether to allow him to remain at liberty until sentencing. Moreover, the trial court's discretion to order disclosure of grand jury testimony is explicit in Super. Ct.Crim.R. 6(e)(3)(C)(i), which permits such disclosure "[w]hen so directed by an order of a court within the District of Columbia preliminary to or in connection with a judi-

---

1. The trial judge requested this proffer to determine whether he should permit appellant to remain at liberty pending sentencing.

2. Under D.C.Code § 22–2801 (1981) the crimes of forcible carnal knowledge (rape) and carnal knowledge with a female under sixteen years of age carry the same sentence, *i.e.,* "any term of years or for life."

cial proceeding." Although the government did not obtain a court order prior to disclosure in this case, the testimony was read to the trial judge in response to his inquiry about the parties' conflicting contentions concerning appellant's use of force. *Cf. United States v. Manglitz,* 773 F.2d 1463, 1467 (4th Cir.1985) (government not required to obtain court order prior to disclosing grand jury testimony at plea proceedings if material introduced is relevant to question of guilt or if it will assist court in sentencing defendant). Thus, we find that the trial judge committed no error in permitting the government to allocute on the charge of rape.

We also find no merit to appellant's contention that the trial judge mistakenly sentenced appellant for the crime of rape. Although the trial judge misstated the crime for which appellant was sentenced, this error was immediately corrected. After correcting himself, the trial judge pointed out that the charge of carnal knowledge carries the "same penalty and it stands." The record is clear that the trial judge fully understood the crimes for which appellant tendered his guilty plea and on which he based the sentence.

*Affirmed.*