**Earnest MOORE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–CO–285.**

District of Columbia Court of Appeals.

Submitted April 1, 1992.

Decided May 12, 1992.

Daniel M. Schember, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas C. Black, and Kristan Peters–Hamlin, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

PER CURIAM:

Appellant Earnest Moore appeals from the denial of his motion for relief, pursuant to Super.Ct.Crim.R. 35 and D.C.Code § 23–110 (1989 Repl.), from a sentence of 86 years to life for ten counts of carnal knowledge, four counts of taking indecent liber-

ties with a minor, and one count of enticing a minor. We affirm.

## I

After a jury trial for repeated offenses against six different young girls, Judge Reggie Walton sentenced appellant to 86 years to life on ten counts of carnal knowledge of two girls ages 12 and 15 years, D.C.Code § 22–2801 (1989 Repl.), four counts of taking indecent liberties with a minor involving four girls ages 9 to 15 years, *id.* § 22–3501(a), and one count of enticing a 9 year old child, *id.* § 22–3501(b). At the time of the offenses, appellant was over 45 years of age, had been the former track coach of one of the girls and was the golf coach of another.

On direct appeal from his convictions and sentences, appellant contended that his entire sentence, and in particular his sentence of 48 years and 8 months to 146 years for eight counts of carnal knowledge and one count of taking indecent liberties with a 15 year old girl, violated the Eighth Amendment's prohibition against cruel and unusual punishment. Appellant also contended that the sentencing judge based his decision on unsupported assumptions that appellant could not be rehabilitated and that he had "destroyed" the lives of his victims.

A two judge panel of the court summarily affirmed the judgment upon appellant's direct appeal. *Moore v. United States*, No. 87–825 (D.C. June 12, 1989). Subsequently the court denied appellant's motion for a rehearing en banc.[1] *Id., reh'g en banc denied* (D.C. Sept. 20, 1989) (Judge Mack voting to grant rehearing petition; Judge Farrell recused).

Thereafter, on January 10, 1990, appellant filed a motion for reduction of sentences, for relief from illegal sentences and sentences illegally imposed, and sought discovery and a hearing, on the grounds that his sentence violated the Eighth Amendment and that the sentencing judge relied on the unsupported assumptions that appellant could not be rehabilitated and that the victim's lives had been destroyed. The motions judge[2] denied the motion, noting that as to Rule 35(a) the sentences were not illegal, and that as to Rule 35(b), appellant offered nothing new that would have altered the sentencing judge's view toward sentencing since all that was offered was based on speculation, and that his statutory argument based on the laws of other jurisdictions was flawed; the motions judge denied relief under § 23–110 citing *Head v. United States*, 489 A.2d 450, 451 (D.C. 1985).

## II

Appellant contends that the motions judge based his decision on an erroneous view of the Eighth Amendment, referring to the fact that the motions judge did not consider the relevant factors under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[3] He also contends that the motions judge erred by denying discovery and a hearing on whether the sentencing judge had relied on the mistaken assumptions that appellant, as a pedophile, could not be rehabilitated and that pedophiles destroy their victims.

■ While an illegal sentence may be corrected at any time pursuant to a motion under Super.Ct.Crim.R. 35(a) or D.C.Code § 23–110, "[a] trial court may, in the exercise of discretion, refuse to entertain a second Rule 35 motion relying on objections previously advanced unsuccessfully."

---

**1.** In light of the posture of appellant's case, our concurring colleague's concern comes too late, although it may cause the court hereafter to reevaluate the appropriateness of summary disposition in such cases.

**2.** The trial judge had resigned from the bench.

**3.** This appeal does not present the occasion to examine the Eighth Amendment. We note, however, the Supreme Court's decision in *Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct.

2680, 115 L.Ed.2d 836 (1991), where a majority of the Court was of the opinion that either *Solem* should be overturned as incorrectly concluding that the Eighth Amendment contains a proportionality guarantee, *id.* at 2686 (Scalia, J., with whom Rehnquist, C.J., joins), or construed only to prohibit sentences that are grossly disproportionate to the crime. *Id.* at 2705 (Kennedy, J. with whom O'Connor and Souter, JJ., join, concurring in part and dissenting in part).

*Neverdon v. District of Columbia,* 468 A.2d 974, 975 (D.C.1983). Although appellant filed only one Rule 35 motion, he did so after this court had rejected identical claims in his direct appeal. Consequently, the motions judge had no basis on which to rule that appellant's sentences were illegal under Rule 35(a).

■ Further, the motions judge did not abuse his discretion in denying appellant's motion to reduce sentence under Rule 35(b). *Walden v. United States,* 366 A.2d 1075, 1076–77 (D.C.1976). Appellant offered almost no new rationale to justify a lighter sentence. Although appellant submitted an affidavit of Ian Gallacher, a law student employed by appellant's counsel, that summarized interviews with some family members of some of the victims about the effect of appellant's crimes on the victims, the motions judge could reasonably and readily conclude that the affidavit was unpersuasive because the family members (two grandmothers and one aunt) were not experts and their opinions were either tentative or very general.

■ Finally, appellant's contention that the motions judge erred in denying relief under D.C.Code § 23–110 is meritless. The motions judge properly relied on *Head, supra,* 489 A.2d at 451. The issues raised in appellant's motion were identical to those resolved by the court in his direct appeal. To the extent appellant submitted "new" evidence—an article on pedophilia, excerpts from a manual of mental disorders, and the Gallacher affidavit—he failed to show cause for not presenting such evidence in connection with his direct appeal or to demonstrate prejudice. *Id.* Appellant's argument that the Gallacher affidavit presents new evidence requiring a hearing is unpersuasive; the affidavit offers no basis on which to conclude that the sentencing judge erred in imposing sentence on a mistaken assumption about the effect of appellant's conduct on his victims. *See United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972).

Accordingly, we affirm the judgment.

SCHWELB, Associate Judge, concurring:

I do not find Moore's constitutional contentions to be implausible. If this case involved only his conduct vis-a-vis the principal complainant, Karen, and if it were before us on direct appeal, I would have grave reservations about the constitutionality of the punishment imposed. For eight episodes of consensual and non-violent sexual intercourse with a girl who was fifteen-and-a-half years old at the beginning of the relationship, who was sexually active with other young men, and who continued to have sex with him after she turned sixteen,[1] Moore received consecutive minimum sentences totalling more than 48 years. Thus, even aside from his crimes against younger children, Moore was ordered incarcerated until after his 99th birthday—in other words, for the rest of his life.

In contrast, if Moore had murdered Karen with premeditation, he could have been eligible for parole after only twenty years. D.C.Code § 22–2404 (1989). If he had maimed Karen eight times instead of having consensual sexual intercourse with her on eight occasions—if, for example, he had blinded her and bitten off both of her ears, and committed five other similar acts—the maximum sentence he could have received would have been 26 years 8 months to 80 years in prison, as opposed to the 48 years 8 months to 146 years that he actually received. *See* D.C.Code § 22–506 (1989) (punishment for mayhem is 3–⅓ to 10 years in prison).

The geographic location of Moore's offenses also made a great deal of difference. If he and Karen had engaged in consensual sex on the other side of the Fourteenth Street Bridge, Moore's conduct would not have been unlawful at all. *See* Va.Code Ann. § 18.2–67.1 (Michie 1987) (age of consent is 13 years).[2] In some jurisdictions in

---

1. It also appears that Moore contracted gonorrhea from Karen, that she used PCP, and that she frequented "go-go clubs." Moore evidently counselled Karen not to use drugs.

2. Incredibly, at common law, it was no crime to have carnal knowledge of a female regardless of her age. During the reign of Queen Elizabeth I, the age of consent was fixed by statute at ten

which such conduct is prohibited, the punishment is far less severe. *See, e.g.,* N.M.STAT.ANN. §§ 30-9-11(D), 31-18-15 (Michie 1985) (maximum punishment for single episode of statutory rape is eighteen months in prison); N.D.CENT.CODE §§ 12.1-20-05(1), 12.1-32-01 (1988) (maximum punishment is one year). The age of consent varies from jurisdiction to jurisdiction, and has arbitrarily been fixed at ages from ten to eighteen years. *See* 65 AM.JUR.2D § 17, at 770 (1972 & Supp.1992). Different punishments are imposed in different states. Nevertheless, a minimum of seven years, to be served consecutively for each individual sexual encounter with a somewhat worldly fifteen-and-a-half year old,[3] is quite severe in comparison with the punishments meted out for other crimes, or for the same crime in other places.

Under these circumstances, Moore's punishment for his conduct vis-a-vis Karen, if viewed in isolation, would not readily comport with the principles of proportionality set forth in *Solem v. Helm,* 463 U.S. 277, 284, 288-292, 103 S.Ct. 3001, 3008-3011, 77 L.Ed.2d 637 (1983). In *Solem,* Justice Powell, writing for the Court, set forth the "objective criteria" by which judges should be guided in determining whether a sentence was impermissibly disproportionate to the crime under the Cruel and Unusual Punishment Clause of the Eighth Amendment. Those criteria include "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3010.[4] *See also State v. Bartlett,* 164 Ariz. 229, 233-34, 792 P.2d 692, 696-97 (1990) (striking down as cruel and unusual a sentence totalling forty years in prison for the statutory rape of two girls, both 14½ years of age).

In this case, however, Moore also engaged in indefensible conduct with several other girls, two of whom were only nine-years old.[5] The judge had the authority to consider Moore's crimes relating to the other children in imposing sentence for Moore's offenses involving Karen. *See Williams v. New York,* 337 U.S. 241, 246-50, 69 S.Ct. 1079, 1082-84, 93 L.Ed. 1337 (1949); *Johnson v. United States,* 508 A.2d 910, 911 (1985). Under these circumstances, I do not think that Moore has met his heavy burden of demonstrating that his sentence within statutory limits, which is ordinarily reviewable on appeal only for error of law, prosecutorial impropriety, reliance by the judge on incorrect information, or some other fundamental defect, *see In re L.J.,* 546 A.2d 429, 434 (D.C.1988), was sufficiently disproportionate to warrant our setting it aside as unconstitutional. In addition, as the majority points out, Moore's procedural posture for challenging

years. *See Wilson v. Com,* 290 Ky. 223, 223, 160 S.W.2d 649, 651 (1942).

**3.** Consecutive sentences for two separate acts of statutory rape have been held to be constitutionally permissible. *State v. Phipps,* 318 N.W.2d 128, 132 (S.D.1982). In *Com. v. Robinson,* 316 Pa.Super. 152, 462 A.2d 840, 843 (1983), on the other hand, the court admitted proof of prior uncharged acts of statutory rape because it was not "other crimes" evidence, but rather "evidence of part of one of and the same transaction, a natural development of the facts surrounding the offenses for which appellant was being tried."

**4.** In *Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), two justices expressed the view that *Solem* should be overruled. *Id.* 111 S.Ct. at 2686 (opinion of Scalia J., joined by Rehnquist, C.J.). Three more justices thought *Solem* reconcilable with earlier decisions of the Court, but viewed its reach as limited to "grossly disproportionate" sentences. *Id.* at 2680 (opinion of Kennedy, J., joined by O'Connor, J. and Souter, J.). None of the remaining four members of the Court indicated any dissatisfaction with *Solem. Id.* at 2709 (opinion of White, J., joined by Blackmun, J. and Stevens, J.); *id.* at 2719 (opinion of Marshall, J.); *id.* (opinion of Stevens, J.). I conclude that *Solem* has been wounded, but not yet mortally.

**5.** The severity of the crimes varied from victim to victim, but at least one—touching a nine-year-old girl's vagina—was especially offensive.

his sentence at this point is, at best, precarious. Accordingly, I concur in the judgment.[6]

---

**6.** I am also somewhat concerned by Moore's allegation that his sentence was predicated on inaccurate information both about the capacity of pedophiles to be rehabilitated and about the psychological effect of Moore's crimes on his victims. *See Caldwell v. United States,* 595 A.2d 961, 967 (D.C.1991). A fair reading of Karen's testimony as a whole, at least so far as it emerges from the expressionless pages of an appellate record, makes it difficult to conclude that Moore destroyed her life. I conclude, however, that Moore has not established that the allegedly erroneous character of the information on which the sentencing judge is said to have relied was of "constitutional magnitude," as required by *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972).