James B. CRAWFORD, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CO–1045.

District of Columbia Court of Appeals.

Argued March 15, 1993.
Decided March 23, 1993.*

M. Elizabeth Kent, Washington, DC, appointed by this court, for appellant.

Steven D. Mellin, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., at the time the brief was filed, and John R. Fisher, Asst. U.S. Atty., Washington, DC, were on the brief, for appellee.

Before FERREN and TERRY, Associate Judges, and GALLAGHER, Senior Judge.

* The decision in this case was originally released as a Memorandum Opinion and Judgment on March 23, 1993. It is now being published by direction of the court with minor revisions in preparation for publication.

FERREN, Associate Judge:

A jury convicted appellant of five counts of enticing a minor, D.C.Code § 22–3501(b) (1989 Repl.), one count of indecent liberties with a minor, D.C.Code § 22–3501(a) (1989 Repl.), and seven counts of sodomy of a minor, D.C.Code § 22–3502 (1989 Repl.). Appellant was sentenced to the maximum possible term for each count, with all but four counts running consecutively. Appellant's sentence aggregated to a minimum term of 51 years and eight months and a maximum term of 155 years. Appellant contends that the motions judge erred in denying appellant's motion to reduce sentence because (1) the sentence was so grossly disproportionate that it violated the Eighth Amendment and (2) new evidence showed that a similarly situated defendant had received a much lighter sentence from the same judge. We affirm.

In appellant's direct appeal, filed by previous counsel, he did not raise any issue regarding his sentence. *See* Memorandum Opinion and Judgment No. 87–797 (D.C. February 6, 1991). While his appeal was pending, however, appellant filed a *pro se* motion for reduction of sentence, which the trial judge denied and appellant did not appeal. Appellant's previous appellate counsel filed a motion for new trial based on newly discovered evidence that appellant's victim, during the same period, had also been the victim of someone who had pleaded guilty to one count of indecent liberties with a minor and had been sentenced to prison for only 18 months to 10 years. After a hearing, the trial judge also denied this motion. Appellant's former counsel attempted to appeal the denial of the new trial motion, but present counsel concedes that former counsel did not follow the proper procedure. When this court decided appellant's direct appeal, it affirmed in all respects, except for the merger of three counts of enticement with three counts of sodomy. Appellant was resentenced by the motions judge, because the trial judge had resigned from the bench. Appellant's aggregate sentence did not change, however, because the sentences for the three vacated counts were concurrent with the sentences for the counts into which they merged. After resentencing, appellant filed a second motion to reduce sentence, which the motions judge denied without a hearing.

Although the denial of the second motion for reduction of sentence forms the basis for this appeal, filed on August 13, 1991, the convoluted procedural background does not end there. While this appeal was pending, appellant—without the knowledge of present counsel—filed numerous *pro se* motions. The original trial judge, who had been reappointed in the interim, denied these motions on August 25, 1992. In his order denying the *pro se* motions, the trial judge effectively ratified the order issued by the motions judge that forms the basis for this appeal.

The government contends that, whether appellant's second motion for reduction of sentence is considered under Super.Ct.Crim.R. 35 or D.C.Code § 23–110 (1989 Repl.), appellant is procedurally barred from raising any issue regarding his sentence that he could have raised in his direct appeal. *See Moore v. United States,* 608 A.2d 144, 146 (D.C.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1324, 122 L.Ed.2d 709 (1993); *Vaughn v. United States,* 600 A.2d 96, 97 (D.C.1991); *Head v. United States,* 489 A.2d 450, 451 (D.C. 1985). We need not decide this question, however, because even if we reach the merits of appellant's claims, his appeal must fail.

This court has long refused, in considering either a direct appeal of a sentence or an appeal of a post-trial decision on sentence reduction, "to review ... sentences which are within statutory limits, upon the ground that such sentences are too severe." *In re L.J.,* 546 A.2d 429, 434 (D.C.1988); *see Walden v. United States,* 366 A.2d 1075, 1076–77 (D.C.1976). Appellant's sentence on each count falls within the statutory maximum. *See* D.C.Code § 22–3501, –3502. Moreover, a statutory presumption favors consecutive sentences, even when the convictions arise from the same transaction. *See* D.C.Code § 23–112 (1989 Repl.) Generally, sentences within

statutory limits are "unreviewable aside from constitutional considerations." *Greene v. United States,* 571 A.2d 218, 222 (D.C.1990).

■ Appellant does not contend that the statutes under which he was sentenced are unconstitutional on their face. Instead, appellant claims that his aggregate sentence, as applied to his crimes, is so grossly disproportionate that it violates the Eighth Amendment. Even if we assume that *Harmelin v. Michigan,* —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), merely narrows the proportionality principle of the Cruel and Unusual Punishment Clause without abolishing it, *id.* at ——, 111 S.Ct. at 2702 (Kennedy, J., concurring); *see State v. Bartlett,* 171 Ariz. 302, 830 P.2d 823, 826, *cert. denied,* —— U.S. ——, 113 S.Ct. 511, 121 L.Ed.2d 445 (1992), we cannot conclude that appellant's sentence is unconstitutional. Justice Kennedy, speaking for himself and two other Justices, reviewed the principles underlying proportionality analysis and concluded that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin,* —— U.S. at ——, 111 S.Ct. at 2705 (Kennedy, J., concurring) (citing *Solem v. Helm,* 463 U.S. 277, 288, 303, 103 S.Ct. 3001, 3008, 3016, 77 L.Ed.2d 637 (1983)). Appellant is currently serving a sentence for ten counts of offenses constituting sexual exploitation of a minor, who was twelve years old when the incidents began. Appellant was a junior high school teacher, who abused a position of respect and power in relation to an elementary school student, although the victim did not attend appellant's school. Moreover, appellant had been convicted in 1969 of taking indecent liberties with an eight-year-old when appellant was a teacher in Michigan. Given the facts of this case, even with mitigating factors ably presented by counsel taken into account, we cannot say that appellant's sentence—imposed in accordance with our statutory scheme—is grossly disproportionate to the gravity of his crimes. The fact that appellant can point to a different sentence imposed by the same judge on a different person in similar circumstances does not change the proportionality analysis. *See Caldwell v. United States,* 595 A.2d 961, 971 (D.C. 1991) ("one case hardly makes for comparability under the principle of proportionality").

■ Nor can appellant prevail on his claim that the trial judge abused his discretion in ratifying the denial of appellant's second motion for reduction of sentence. Appellant contends that the trial judge, who imposed the original sentence, "may not have realized when he sentenced appellant that he had sentenced [another man] to a tiny fraction of the time, just a few weeks earlier, for molesting [the same victim] in the same manner during about the same period of time." Appellant's Brief at 34. Although at the original sentencing hearing, government counsel referred to the fact that the "12 year old kid has been victimized by another individual who this court has sentenced for the same type of activity," appellant did not learn until he was in prison that the other man had pleaded guilty to one count of taking indecent liberties with the same victim and received a sentence of 18 months to 10 years from the same judge.

The record in this case reveals differences in the circumstances of appellant and the other man, justifying the trial judge's decision to render different sentences to each. Appellant was a teacher, abusing his position; the other man was not. Appellant was convicted of ten counts; the other man pleaded guilty to one. Appellant was ultimately sentenced on two counts of enticing a minor, one count of indecent liberties with a minor, and seven counts of sodomy of a minor; the other man was sentenced for one count of indecent liberties with a minor. Appellant was a repeat offender. Given the limited scope of appellate review both of sentences and of decisions on sentence reduction motions, *see Walden,* 366 A.2d at 1077, we cannot conclude from this record that the trial judge, who not only sentenced both appellant and the other man but also presided at the proceedings in both cases, abused his dis-

cretion either by imposing different sentences on the two individuals or by ratifying the denial of the second motion to reduce sentence after appellant brought the discrepancy to the attention of the motions judge.

*Affirmed.*