Anthony WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

Nos. 91–CF–1085, 93–CO–615.

District of Columbia Court of Appeals.

Argued Feb. 26, 1997.

Decided June 26, 1997.

Sadiq Reza, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

James E. Boasberg, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher and Thomas C. Black, Assistant United States Attorneys, were on the brief, for appellee.

Before STEADMAN and KING, Associate Judges and BELSON, Senior Judge.

BELSON, Senior Judge:

A jury convicted appellant Anthony Williams of armed robbery, in violation of D.C.Code §§ 22–2901, –3202 (1996), and possession of a firearm during a crime of violence, in violation of D.C.Code § 22–3204(b) (1996). The complaining witness identified appellant from a photo array and a lineup, as well as in court. Appellant moved before trial to suppress the photo array and the lineup identifications. After holding a hearing, the judge found that neither the photo array nor the lineup was unduly suggestive. Appellant contends that the trial judge erred because both the photo array and the lineup were impermissibly suggestive. Appellant further contends that the trial judge erroneously excluded cross-examination for bias allegedly arising from the complaining witness' belief that an accused person is presumptively guilty. Finding neither assignment of error persuasive, we affirm.[1]

---

1. The issue of the adequacy of the record, addressed in the briefs of both parties, has become moot because the record is now complete and accurate. This issue arose as a result of the misplacement of the original photographic array and the videotape of the lineup. Before the actual photographs were located just prior to the long delayed appellate argument on the merits, considerable time and effort of counsel and the trial court were invested upon remand in considering whether "representative" copies of the original photographs were adequate.

The complaining witness was robbed at gunpoint on December 28, 1989, at approximately 6:45 p.m. Although night had fallen, and the incident was brief, streetlights and the victim's close proximity to the robber enabled her to observe him clearly as he stole her purse. She described him as black, male, in his thirties, 125 to 130 pounds, dark complected, and 5 feet 7 inches tall.

The record evidence before us clearly supports the trial judge's ruling that neither the photo array nor the lineup was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Walton,* 411 A.2d 333, 339 (D.C.1979) (quoting *Neil v. Biggers,* 409 U.S. 188, 196–97, 93 S.Ct. 375, 380–81, 34 L.Ed.2d 401 (1972) (quoting *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968))); *see Stewart v. United States,* 490 A.2d 619, 623 (D.C.1985).

■ We take this opportunity to reiterate that it is in the best interest of the government and the defense, and also conducive to the efficient administration of justice, that the trial court rule on the reliability of an identification even when it does not find that there was undue suggestivity. We strongly suggest once more that if the identification process is called into question the trial court should rule on both aspects of the inquiry as a matter of course. *See Greenwood v. United States,* 659 A.2d 825, 828 (D.C.1995) (citing *Henderson v. United States,* 527 A.2d 1262, 1269 (D.C.1987)).[2]

■ Appellant's additional argument that the trial judge improperly excluded evidence of the complaining witness' bias is also unpersuasive. Appellant contends that the victim, who is from Austria, was biased because, according to appellant's counsel, under Austrian law an accused is presumed guilty until proven innocent. We agree with the trial judge, who noted that such bias, even if present, was irrelevant because appellant was not yet an accused when the witness first identified him.[3] In any event, it is far from clear that a witness' view as to respective burdens of proof would affect the task of identification. The fact that before trial the victim had twice identified appellant undercuts appellant's argument that the trial court should have allowed appellant to cross-examine her about attitudes that might have arisen from her knowledge of an accusatory system of justice.

■ Appellant counters that the victim's alleged bias may have resulted in misidentification because she may have mistakenly believed "her task [was to select] from the photographs the person who most resembled her attacker, since he 'had to be' one of the pictured persons." We find this argument unpersuasive. We have stated that in general: "[A] witness may reasonably assume (and indeed would be foolish not to assume) that someone in a photo array (or in a lineup) is a

Likewise, this court need not reach the issue of whether it should remand to permit a motion for correction of an illegal sentence. (Appellee's Br., p. 2, n. 4.) The government may move the trial court to correct an illegal sentence either before this court's mandate issues, *see* D.C.App. R. 41(a) (mandate issues twenty-one days after judgment); *Smith v. Pollin,* 90 U.S.App. D.C. 178, 180, 194 F.2d 349, 350 (D.C.Cir.1952) (describing method by which trial court may consider certain types of motions while case is before appellate court), or anytime afterwards, *see* Super. Ct.Crim. R. 35(a); *Prince v. United States,* 432 A.2d 720, 721–22 (D.C.1981) (trial court may correct illegal sentence at any time, even to increase sentence). *See generally Bell v. United States,* 676 A.2d 37 (D.C.1996) (differentiating "case" remands from "record" remands).

2. The delay of this appeal for a year or more, *see* footnote 1, *supra,* that was occasioned by the misplacement of original identification photographs might have been avoided if the trial court had made a reliability finding. This court could have reviewed a finding of reliability without the missing photographs.

We noted in *Greenwood, supra,* 659 A.2d at 829, that the trial judge may defer the reliability finding until the trial on the merits. If that course is followed it is incumbent on counsel for both parties to complete the record in that regard.

3. Accordingly, the trial judge did not have to rule on whether this line of cross-examination would have been permissible if appellant had been an accused when the witness first identified him. We express no view on that issue.

suspect." *Towles v. United States*, 428 A.2d 836, 845 (D.C.1981) (citation omitted). In sum, we are satisfied that the trial judge did not abuse his discretion in declining to allow appellant to engage in this line of cross-examination. The appellant's convictions will be affirmed.

*So ordered.*