Scott E. COOK, Appellant,

v.

UNITED STATES, Appellee.

No. 05–CO–1399.

District of Columbia Court of Appeals.

Submitted July 12, 2007.

Decided Aug. 16, 2007.

Kyle A. McGonigal, appointed by the court, was on the brief for appellant.

Jeffrey A. Taylor, United States Attorney, and Roy W. McLeese III, John G. Giovannelli, and Anne Y. Park, Assistant

United States Attorneys, were on the brief, for appellee.

Before WASHINGTON, Chief Judge, and PRYOR and SCHWELB, Senior Judges.

PRYOR, Senior Judge:

Following a jury trial, appellant was convicted of unlawful possession of heroin with intent to distribute, in violation of D.C.Code § 48–904.01(a)(1) (2001), and sentenced to 144 months (twelve years) in prison followed by five years of supervised release. On direct appeal, this court affirmed his conviction by unpublished Memorandum Opinion and Judgment on April 21, 2005. Appellant subsequently filed a motion to reduce sentence pursuant to Super. Ct.Crim. R. 35, which the trial court denied. On appeal, he argues that the trial court abused its discretion in denying his motion and, for the first time on appeal, contends that his sentence violated the Eighth Amendment in that it was disproportionate to the crime committed. We affirm.

 We review the denial of a motion for the reduction in sentence for an abuse of discretion. *See Walden v. United States*, 366 A.2d 1075, 1076–77 (D.C.1976). In so doing, "[t]his court has long refused, in considering … an appeal of a post-trial decision on sentence reduction, to review … sentences which are within statutory limits, on the ground that such sentences are too severe." *Crawford v. United States*, 628 A.2d, 1002, 1003–1004 (D.C. 1993) (citations and internal quotation marks omitted). Indeed, "[g]enerally, sentences within statutory limits are unreviewable aside from constitutional considerations." *Id.* at 1003–1004 (citation and internal quotation marks omitted).

 Here, appellant's sentence fell well within the thirty-year statutory maximum for the offense of which he was convicted. D.C.Code § 48–904.01(a)(2)(A) (2001). In his motion to reduce sentence appellant's primary argument was that "[h]ad Mr. Cook received a 'guideline sentence' under the current sentencing guidelines for the same offense, his sentence would have been significantly less than his current sentence." However, the Superior Court Voluntary Sentencing Guidelines were not in effect at the time of sentencing and, regardless, being *voluntary* would not have compelled the trial court to impose a lesser sentence. Given our "very limited" standard of review on these issues, we are not persuaded that the trial court abused its discretion in denying the motion. *See Walden, supra,* 366 A.2d at 1077.

 Turning to appellant's constitutional argument, we note that "[w]here a defendant has failed to raise an available challenge to his conviction on direct appeal, he may not raise that issue on collateral attack unless he shows both cause for his failure to do so and prejudice as a result of his failure."[1] *See Head v. United*

---

1. In the context of a Rule 35(a) motion to correct an illegal sentence, we have held that, even where the appellant has failed to raise the issue on direct appeal, a challenge may be brought "without regard to cause and prejudice requirements." *Brown v. United States*, 795 A.2d 56, 63 (D.C.2002); *see also (Timothy) Robinson v. United States*, 454 A.2d 810, 813 ("Where the sentence is 'illegal' in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided, then such sentence—because of the gravity of the error, the unqualified deprivation of one's liberty—may be challenged at any time."). As the same concerns informing our decisions pertaining to Rule 35(a) do not apply to Rule 35(b) motions, *see Walden, supra,* 366 A.2d at 1077 ("A motion for reduction in sentence is basically a 'plea for leniency.' " (citation omitted)), we conclude that

*States,* 489 A.2d 450, 451 (D.C.1985) (citations omitted). Here, appellant failed to raise his Eighth Amendment claim on direct appeal, instead raising it for the first time as part of this appeal. In so doing he proffers no cause for this failure. Thus, we "need not decide whether he suffered prejudice or even if the trial court was in error." *See id.* at 451 n. 5 (citation omitted). Accordingly, because appellant has failed to demonstrate the requisite cause for his failure to have raised the issue on direct appeal, "his contention here is foreclosed." *See id.* at 451.

■ Even if we were to consider appellant's claim on the merits, we are not convinced that appellant's sentence was so disproportionate as to contravene the Cruel and Unusual Punishment Clause of the Eighth Amendment.[2] We are mindful that following the Supreme Court's decisions in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), and *Ewing v. California,* 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), the standard for claims of disproportionate sentences has been narrowed[3] and, at a minimum,

now appears to require a showing that a sentence is "grossly disproportionate" to the crime. *See Crawford, supra,* 628 A.2d at 1003; *Moore, supra,* note 2, 608 A.2d at 145 n. 3. Under this standard, we are not convinced that appellant's sentence was "grossly disproportionate" to the crime. It was well within the statutory maximum and, as the government notes in its brief, there were a number of aggravating circumstances affecting the length of sentence imposed by the trial court. *See Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (upholding a sentence of forty years imprisonment for possession with intent to distribute nine ounces of marijuana). Accordingly, the judgment on appeal herein is hereby affirmed.

*So ordered.*

SCHWELB, Senior Judge, concurring:

With a measure of reluctance, I concur in the judgment affirming the denial of Cook's motion to reduce his sentence. Even assuming *arguendo,* that his Eighth Amendment claim has not been waived[1]—

---

cause and prejudice requirements remain applicable here.

**2.** We recognize that appellant relies on the concurring opinion in *Moore v. United States,* 608 A.2d 144, 147 (1992) (Schwelb, J., concurring), in advancing his Eighth Amendment argument. However, under the circumstances of this case we do not reach the merits of this argument because of the procedural barriers present here.

**3.** Prior to *Harmelin,* the Supreme Court set forth three factors relevant to determining whether a sentence was disproportionate to the crime committed: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm,* 463 U.S. 277, 292, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In *Harmelin,* Justice Scalia, joined by

Chief Justice Rehnquist, concluded that *Solem* "was simply wrong; the Eighth Amendment contains no proportionality guarantee." *Harmelin, supra,* 501 U.S. at 965, 111 S.Ct. 2680 (opinion of Scalia, J.). In a concurring opinion, Justice Kennedy, joined by Justices O'Connor and Souter, wrote that the court's decisions on the issue recognized only "a narrow proportionality rule" that does not require "strict proportionality between crime and sentence." *Id.* at 997, 1001, 111 S.Ct. 2680 (Kennedy, J., concurring in part and concurring in the judgment). With respect to the *Solem* factors, Justice Kennedy stated that the latter two factors were only appropriate "in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at 1005, 111 S.Ct. 2680.

**1.** Rule 35(a) of the Superior Court's Rules of Criminal Procedure provides that "[t]he Court

and my colleagues in the majority hold that it has been—I, like the court, do not believe, in the light of recent Supreme Court precedent, that Cook's sentence, which imposed imprisonment for only forty percent of the statutory thirty-year maximum, was "so disproportionate as to contravene the Cruel and Unusual Punishment Clause." *See Harmelin v. Michigan,* 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (plurality opinion); *Ewing v. California,* 538 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (plurality opinion); *Hutto v. Davis,* 454 U.S. 370, 370–75, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (per curiam).[2] Moreover, in the absence of an error of law or of some extraordinary circumstance not here present, we, as an appellate court, lack the authority to review a sentence that is within statutory limits. *In re L.J.,* 546 A.2d 429, 434–36 (D.C.1988); *Walden v. United States,* 366 A.2d 1075, 1076–77 (D.C.1976).

Nevertheless, in my judgment the sentence in this case is so severe that it warrants brief comment, albeit *obiter dictum,* at the appellate level. Cook contends, without contradiction by the government, that the twelve-year term of imprisonment imposed by the judge for unarmed possession of heroin with intent to distribute it (PWID) was:

1. approximately four times as long as a sentence which would probably have been imposed pursuant to the Superior Court's "Voluntary Sentencing Guidelines" (SCVSG);

2. substantially greater than the guideline range for PWID *while armed;*

3. in excess of the range for several armed and violent offenses, including, *inter alia,* armed robbery and possession of a firearm during a crime of violence; and

4. approximately three times as harsh as the penalty range under the federal sentencing guidelines.

The SCVSG were issued on June 14, 2004, ten months after Cook was sentenced, but they had been in effect for approximately sixteen months when the judge denied Cook's motion to reduce sentence. Obviously, the guidelines did not apply to Cook's case when he was sentenced, for they were not yet in existence at the time. Moreover, they are *voluntary* guidelines, and the judge was not obliged to follow them when he acted on Cook's Rule 35 motion or, indeed, at any time. Nevertheless, the guidelines are revealing, for they were "based on historical data

may correct an illegal sentence at any time." Cook asserts that his sentence constitutes "cruel and unusual punishment," in violation of the Eighth Amendment, and is therefore unconstitutional. The Constitution of the United States is the Supreme Law of the Land, and an unconstitutional sentence is thus surely an illegal one. At least arguably, therefore, if Cook's substantive claim of unconstitutionality were sound, he would have the right to raise that claim at any time, and therefore even for the first time on appeal in a post-sentencing proceeding.

I note, on the other hand, that Rule 35(a) has ordinarily been applied when the sentence imposed is at variance with the controlling sentencing statute. *See, e.g., Prince v.*

*United States,* 432 A.2d 720, 721–22 (D.C. 1981) (citing, *inter alia, Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 91 L.Ed. 818 (1947)). Cook has cited no authority for the application of the "at any time" provision of Rule 35(a) to a situation such as this one. *Cf.* maj. op. at pp. 507–08 (treating Cook's motion as "a plea for leniency" brought pursuant to Rule 35(b)). Finally, Cook has not filed a Reply Brief, and he has not contested the government's position that the Eighth Amendment claim has been waived.

**2.** Because the question whether Cook's sentence violates the Eighth Amendment is one of law, our review is *de novo.*

from the Superior Court Criminal Information System Computer over the past eight years,[3] with some adjustments for consistency and symmetry." SCVSG at 1–1. In other words, the guidelines provide a sentencing judge with information regarding the range of sentence typically imposed by his or her colleagues under comparable circumstances over a substantial period of time.

At the time the trial judge denied Cook's motion to reduce sentence, he had access to information tending to show that the sentence he had imposed—imprisonment for 144 months, *i.e.*, for twelve years—was roughly four times as harsh as the typical punishment for an offender who had committed a similar crime and who had a similar prior criminal record. In my opinion, the imposition of such a sentence, and the refusal to reconsider it, were not only unfair to the defendant and his family[4] (who will be forced to look on as other inmates who have committed similar or worse crimes are released from prison, while Cook has a great many more years to serve), but they also present to the general public an image of judicial arbitrariness, inconsistency, and unfairness, to the detriment of the reputation of the court and of the judicial system. It is worth noting that Cook has *already* served almost four years, with eight more years to go.

---

**3.** *I.e.,* the eight-year period preceding the guidelines.

**4.** According to the Pre–Sentence Report, Cook is married, and he and his wife have three young children. On the other hand, there is merit to the street maxim: "Don't do the crime if you can't do the time."

**5.** I am under no illusion that Cook's crime was trivial, or that he deserved probation or just a few months in jail. He was traveling from New York to his home in South Carolina, and heroin with a street value of $5,000 was concealed in his luggage. Cook was ap-

"Our duty, to paraphrase Mr. Justice Holmes in a conversation with Judge Learned Hand, is not to do justice, but to apply the law and hope that justice is done." *Bifulco v. United States,* 447 U.S. 381, 402, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980) (Burger, C.J., concurring). I am not persuaded that justice has been done in this case.[5] Having sworn to uphold the law, however, I am constrained to join my colleagues in affirming the judgment. *Cf. Moore v. United States,* 608 A.2d 144, 146–48 (D.C.1992) (concurring opinion).

parently what is known in the world of drug trafficking as a "mule." He was carrying contraband from New York to South Carolina on behalf of suppliers who have no doubt become much wealthier than Cook, at far less risk to themselves. The issue would be quite different, for me, if the appeal were by a supplier—the big enchilada—rather than by an apparent subordinate like Cook. In any event, however, a guideline sentence of between two and four years constitutes a substantial term of imprisonment, and it would not have been a mere slap on the wrist.