Kelvin J. SAUNDERS, Appellant

v.

UNITED STATES, Appellee.

No. 05–CO–1580.

District of Columbia Court of Appeals.

Submitted Oct. 15, 2008.

Decided July 2, 2009.

Sara E. Kopecki, Washington, DC, appointed by the court, was on the brief for appellant.

Jeffrey A. Taylor, United States Attorney at the time the brief was filed, and Roy W. McLeese, III, Florence Pan, and Amanda J. Williams, Assistant United States Attorneys, were on the brief for appellee.

Before PRYOR, NEBEKER, and TERRY, Senior Judges.

TERRY, Senior Judge:

Appellant Kelvin Saunders[1] contends that his sentence is "unreasonable" under the United States Sentencing Guidelines (U.S.S.G.) and related federal statutes. We hold that appellant has no right to "reasonableness" review because the United States Sentencing Guidelines are not applicable in the courts of the District of Columbia. We further hold that the trial court did not abuse its discretion when resentencing appellant. We therefore affirm the judgment.

I

In 1994, after a jury trial, appellant was convicted on nineteen counts stemming from the violent robbery of a jewelry store. The underlying facts are detailed in our opinion in the direct appeal from his conviction, *Sanders v. United States*, 809 A.2d 584 (D.C.2002) ("*Sanders I*"). In that opinion we affirmed the convictions of appellant and his two co-defendants, but remanded all three cases for resentencing to correct certain sentence enhancements which had been improperly imposed under D.C.Code § 23–111 (2001). *See id.* at 607.

While the case was pending on remand, appellant filed a motion for reduction of his sentence under Super. Ct.Crim. R. 35(b).

---

1. Appellant was referred to as "Sanders" in previous proceedings, but he uses the name "Saunders" in his brief. We therefore refer to him as "Saunders" in this opinion.

At the resentencing hearing,[2] the government elected not to seek sentence enhancements under D.C.Code § 23–111, rendering the enhancement issue moot. Turning to the Rule 35(b) motion, the court considered the time that appellant had already served, his progress while incarcerated, his expression of remorse, and the violence of the crimes he committed, and granted appellant's motion, reducing his total sentence, which had originally been 117 years to life, to a term of 61 years to life.

On appeal from the resentencing, appellant contends that the new sentence is unreasonable because it does not comport with the sentencing goals set forth in statutes related to the U.S.S.G. and was not based on the official court transcript.

## II

■ As an initial matter, this court does not review sentences for substantive reasonableness. Appellant's reliance on the U.S.S.G., related statutes such as 18 U.S.C. § 3553, and cases interpreting the federal sentencing scheme, specifically *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny, is misplaced. The District of Columbia courts, unlike the federal courts, do not sentence criminal defendants under the U.S.S.G.[3] Because the U.S.S.G. and related statutes do not apply, this court does not entertain challenges asserting that a particular sentence is "unreasonable."

■ Instead, we review a trial court's ruling on a Rule 35 motion only for abuse of discretion. *See Cook v. United States*, 932 A.2d 506, 507 (D.C.2007); *Walden v. United States*, 366 A.2d 1075, 1077 (D.C. 1976). "Generally, sentences within statutory limits are 'unreviewable aside from constitutional considerations.' " *Crawford v. United States*, 628 A.2d 1002, 1003–1004 (D.C.1993) (citation omitted). Due process may be implicated if the sentencing judge relies on "mistaken information or baseless assumptions," but a judge has "wide latitude" in sentencing matters and may consider any reliable information, from virtually any source, in deciding what sentence to impose. *Wallace v. United States*, 936 A.2d 757, 780 (D.C.2007). The burden is on any appellant who challenges a sentence that is within statutory limits (as appellant's sentence is) to show that the sentence is actually based on materially false or misleading evidence. *Id.* Appellant has not met that burden.

■ We are satisfied that the trial court did not abuse its discretion when resentencing appellant. The court considered the facts of the case and appellant's role in the criminal enterprise. It then exercised its discretion to impose a new sentence that was well within statutory limits; that sentence is therefore unreviewable except for constitutional concerns. Appellant does not claim that our remand order or our opinion in *Sanders I*, on which the court partially relied, contained false or misleading information, and we have no reason to conclude that it was inappropriate for the court to consider either the

---

**2.** The resentencing was handled by a new judge, since the judge who had originally tried and sentenced appellant had left the court upon being appointed to the United States District Court.

**3.** In the federal system, "a sentence within a properly calculated Guidelines range is enti-

tled to a rebuttable presumption of reasonableness." *United States v. Dorcely*, 372 U.S.App. D.C. 170, 180, 454 F.3d 366, 376 (2006) (citations omitted). A defendant who challenges his sentence on appeal bears the burden of rebutting that presumption. *Id.*

remand order or the prior opinion, which set out the underlying facts in some detail. Because appellant has not shown that his new sentence is based on materially false or misleading evidence, no due process concerns arise, and the sentence imposed on remand must be affirmed.

Although the trial court did not abuse its discretion when it resentenced appellant, we note that there was a clerical error in the recording of appellant's new sentence. The written judgment and commitment order lists appellant's sentence on one count of possession of a firearm during a crime of violence ("PFCV") (Count D) as "15 years." The appropriate statutory range is five to fifteen years of imprisonment, so the sentence as recorded in the judgment is an illegal sentence. *See* D.C.Code § 22–4504 (2001).[4] We therefore remand the case for the limited purpose of correcting this clerical error. *See* Super. Ct.Crim. R. 36, which allows correction of "clerical mistakes and errors in judgments ... at any time"; *Rich v. United States,* 357 A.2d 421, 423 (D.C.1976).

### III

The judgment of the Superior Court is affirmed. This case is remanded for the limited purpose of correcting the clerical error in the sentence on Count D.

*So ordered.*

---

4. Appellant was convicted on two counts of PFCV, along with various other offenses such as armed robbery, armed mayhem, and assault with intent to kill while armed. On the other PFCV conviction (Count H), the written judgment correctly records the sentence as "5 to 15 years."